Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No. 24066090
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
PROPOSED ATTORNEYS FOR DEBTOR

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **DALLAS REAL ESTATE INVESTORS, LLC,** | § | **CASE NO. 21-41488-elm** |
| | § | **CHAPTER 11** |
| | § | |
| **Debtor.** | § | |

**DEBTOR'S AMENDED RESPONSE TO EMERGENCY MOTION FOR ORDER FINDING STAY DOES NOT APPLY OR, ALTERNATIVELY, FOR RELIEF FROM THE AUTOMATIC STAY TO FILE MEMORANDUM OF AGREEMENT IN REAL PROPERTY RECORDS (DOC. NO. 25)**

Comes now Dallas Real Estate Investors, LLC, Debtor herein ("DREI") and files this its Amended Response to the Emergency Motion for Order Finding Stay Does Not Apply or, Alternatively, for Relief from the Automatic Stay to File Memorandum of Agreement in Real Property Records (Doc. No. 25, the "Motion") filed by Palisades TC, LLC ("Palisades"), and would show the Court as follows:

1. In the Motion, Palisades seeks emergency relief to file a "Memorandum of Agreement" ("MOA") in the Collin County real property records based on unsupported allegations of Debtor's intent to harm Palisades' property interests. These allegations are false, and the filing of the MOA would in fact cloud title to the subject property (the "Property") in a manner that could harm both parties. There is no provision that would allow for such a filing in any agreements

between the parties. The Debtor contends that the operative Agreement at this time is the Agreement dated January 11, 2021 ("Settlement Agreement") which dictates the terms of the agreements between the parties including the Debtor and Palisades and which essentially amends the prior agreement between the parties under the terms of the company agreement of Dallas Real Estate Lenders, LLC ("Company Agreement") in order to resolve certain disputes between them. A true and correct copy of the Settlement Agreement is attached hereto as Exhibit "A' and incorporated herein by this reference as if set forth in full for all purposes. Palisades has simply chosen to ignore the Settlement Agreement in their Motion. This Settlement Agreement will be performed by the Debtor. This Settlement Agreement protects Palisades as it permits the sale of the Property in order to pay the amount under such agreement which does not otherwise require consent of Palisades.

2. Contrary to the Motion, Debtor is not attempting to take any action which would require consent of Palisades even though Debtor has the right to sell the Property under the Settlement Agreement so long as Palisades is paid the amounts stated therein from the proceeds of the sale which Debtor fully intends to do. At this time, Debtor only seeks to extend the secured loan with Texas Republic Bank ("Loan") in order to prevent a default under the Loan and a default under the original Company Agreement (to the extent it may not have been amended and/or superseded by the Settlement Agreement). At the time the Settlement Agreement was executed, the Loan had been previously extended which Palisades never objected to as it does now.

3. Notwithstanding the Settlement Agreement, under the Company Agreement Debtor is obligated to prevent a default under the Loan and in order to do so, Debtor must extend the term of the Loan. Palisades would seek to prevent such an extension, and thus cause Debtor to breach the Company Agreement in order for Palisades to then attempt to take control of Dallas Real Estate

Lenders, LLC ("DREL") and consequently to take control of FHC Acquisition, LLC ("FHC") and the Property in order to sell the Property for its own benefit. By extending the Loan, Debtor is not causing FHC or DREL to incur any additional debt or obligations nor will Debtor cause any new encumbrance to be recorded against the Property. Rather, Debtor is simply trying to meet its obligations under the Company Agreement to prevent a Loan default as it continues to preserve and develop the Property, to the benefit of both the Debtor and Palisades.

5. The MOA that Palisades seeks to file is not authorized by the agreements between the parties and is completely unnecessary and could do irreparable harm. Specifically, the agreements between Palisades and the Debtor prohibit the filing of any such document affecting the Property without the consent of both parties. Moreover, the MOA is unnecessary because the Debtor is not attempting to do anything improper or contrary to its agreements with Palisades, as set out above. Finally, and most importantly, the filing of the MOA would create a cloud on title to the Property that could trigger an immediate default on the secured loan with Texas Republic Bank at the very time the Debtor is attempting to negotiate a renewal and extension of the Loan to prevent such a default. Such a cloud on title would show up when a title company runs a title report and which would be listed as an encumbrance to the Property. The purpose of filing such a memorandum in the real property records is to give notice of an interest or right in real property which Palisades does not have. At best, Palisades has certain consent rights which are indirect and which are through two other entities – FHC and DREL. Nothing gives rise to any right that would permit them to file the MOA.

6. In the Motion, Palisades objects to Debtor valuing the Property at $10 million and instead asserts the value should be around $6.3 million based on the tax appraiser's office assessed value. However the value of the Property assessed by the tax appraisal office, which is based on

raw land only, does not equate to fair market value and does not take into consideration the zoning and other entitlements, the specific use of the property – as mixed use luxury hotel and residence, plans, predevelopment work, and incentive agreements much less any offers received. All together the Property has a fair market value of approximately $10 million.

6. In the Motion, Palisades objects to the Debtor's description of its ownership interests. To clarify and to the extent Debtor's description conflicts with the following, Debtor amends its description of its ownership interests:




7. In the Motion, Palisades objects to the Debtor's description of the unsecured creditors in its schedules of assets and liabilities. The Debtor will promptly review its records and is amending its schedules.

WHEREFORE, PREMISES CONSIDERED, the Debtor opposes the Motion and requests the Court to enter an Order denying the Motion and granting such other relief to which the Debtor is justly entitled.

Dated: August 2, 2021.

Respectfully submitted,

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No. 24066090
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Email: joyce@joycelindauer.com
ATTORNEYS FOR DEBTOR

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 2, 2021, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the parties receiving electronic notice in this case listed below.

Joyce W. Lindauer on behalf of Debtor Dallas Real Estate Investors, LLC
joyce@joycelindauer.com,
dian@joycelindauer.com;deann@joycelindauer.com;12113@notices.nextchapterbk.com

Jeff P. Prostok on behalf of Creditor Palisades TC, LLC
jprostok@forsheyprostok.com,
jjones@forsheyprostok.com;tlevario@forsheyprostok.com;calendar@forsheyprostok.com;
calendar_0573@ecf.courtdrive.com;jprostok@ecf.courtdrive.com

Linda D. Reece on behalf of Creditor Frisco ISD
lreece@pbfcm.com

Suzanne K. Rosen on behalf of Creditor Palisades TC, LLC
srosen@forsheyprostok.com,
jjones@forsheyprostok.com;calendar@forsheyprostok.com;srosen@ecf.courtdrive.com;
calendar_0573@ecf.courtdrive.com

Laurie A. Spindler on behalf of Creditor City of Frisco
Laurie.Spindler@lgbs.com, Dora.Casiano-Perez@lgbs.com;dallas.bankruptcy@lgbs.com

Laurie A. Spindler on behalf of Creditor Dallas County
Laurie.Spindler@lgbs.com, Dora.Casiano-Perez@lgbs.com;dallas.bankruptcy@lgbs.com

United States Trustee
ustpregion06.da.ecf@usdoj.gov

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer