Jeff P. Prostok
State Bar No. 16352500
Suzanne K. Rosen
State Bar No. 00798518
FORSHEY & PROSTOK, L.L.P.
777 Main Street, Suite 1550
Fort Worth, Texas 76102
(817) 877-8855 ● (817) 877-4151 Fax
jprostok@forsheyprostok.com
srosen@forsheyprostok.com

*Attorneys for Palisades TC, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 11** |
| | § | |
| **DALLAS REAL ESTATE INVESTORS, LLC,** | § | **Case No. 21-41488-elm11** |
| | § | |
| | § | **Emergency Consideration Requested** |
| **Debtor.** | § | |

**PALISADES TC, LLC'S SUPPLEMENT TO MOTION TO CONVERT BANKRUPTCY CASE TO CHAPTER 7 OR DISMISS FOR CAUSE UNDER SECTION 1112(b) OF THE BANKRUPTCY CODE**

TO THE HONORABLE EDWARD L. MORRIS, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Palisades TC, LLC ("Palisades"), a party in interest in the above-referenced case, and hereby files this Supplement to its *Motion to Convert Bankruptcy Case to Chapter 7 or Dismiss for Cause under Section 1112(b) of the Bankruptcy Code* (the "Motion to Convert")[1] [Docket No. 47]. In support of the Motion, Palisades would respectfully show the Court as follows:

1. As a basis for conversion of the case to Chapter 7, Palisades asserts in the Motion to Convert that the Debtor is not able to capably manage the affairs for DREL, FHC Acquisition and the Frisco Property, which is causing substantial and continuing loss to the Debtor based on its 50% equity interest in DREL. In paragraph 23 of the Motion to Convert,

[1] Capitalized terms not otherwise defined herein have the meanings given to such terms in the Motion to Convert.

Palisades asserted that counsel for the Gate POA had sent several demand letters to Barton and was threatening to sue FHC Acquisition for outstanding assessments for the 2020-2021 fiscal year in the amount of $19,979.56.

2. After the Motion to Convert had been filed, however, Palisades learned that the Gate POA had actually filed suit against FHC Acquisition in state court in Collin County on August 11, 2021 seeking, e.g., (i) damages for breach of contract in the amount of $41,056.95 based on FHC Acquisition's failure to pay the Gate POA fees for the 2020-2021 and 2021-2022 fiscal years, (ii) attorneys' fees in the amount of $12,414.82, (iii) foreclosure of the Gate POA's assessment lien, and (iv) a declaratory judgment that the Gate POA is authorized to enforce its assessment lien through foreclosure of the lien and sale of the Frisco Property. A copy of the Original Petition filed by the Gate POA against FHC Acquisition is attached hereto as **Exhibit P**. The fact that the Debtor has not paid the Gate POA fees thus causing the Gate POA to file an action to foreclose on the Frisco Property further demonstrates that the Debtor is not able to properly manage the Frisco Property and is putting the Debtor's investment in the Frisco Property, based on its investment in DREL, at risk.

3. Likewise, in paragraph 25 of the Motion to Convert, Palisades asserted that the Debtor may have allowed FHC Acquisition to default on the FHC Loan. At the section 341 creditors' meeting, Barton testified that the term of the FHC Loan had previously been extended from January 31, 2021 to July 31, 2021, and that he had obtained a verbal confirmation of an additional one-month period (i.e., through the end of August 2021) to obtain another sixth month extension of the FHC Loan through January 30, 2022. (See Ex. N, at pp. 31-34). At the time of filing the Motion to Convert, the Debtor had not provided Palisades with any documentation demonstrating that the FHC Loan had been extended. The day after the filing of the Motion to Convert, counsel for the Debtor provided Palisades with an unsigned copy of a proposed Loan Modification Agreement relating to the FHC Loan. Consequently, as of the filing of this

Supplement, the Debtor has not entered into any formal extension of the FHC Loan extending it beyond the July 31, 2021 maturity date. If the FHC Loan is not extended on or before August 31, 2021, this is further evidence that the Debtor cannot properly manage DREL, FHC Acquisition, and the Frisco Property, which is putting the Debtor's indirect investment in the Frisco Property at risk, thus warranting conversion of the Debtor's bankruptcy case to chapter 7 for cause.

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Palisades TC, LLC respectfully requests that, upon hearing of the Motion to Convert, the Court: (i) enter an order granting the Motion to Convert, (ii) converting the case to a case under chapter 7 or, alternatively, dismissing the case altogether, and (iii) granting Palisades such other and further relief as is just and equitable.

DATED: August 25, 2021.

Respectfully Submitted,

/s/ Suzanne K. Rosen
Jeff P. Prostok
State Bar No. 16352500
Suzanne K. Rosen
State Bar No. 00798518
**FORSHEY & PROSTOK, LLP**
777 Main Street, Suite 1550
Fort Worth, TX 76102
(817) 877-8855 Telephone
(817) 877-4151 Facsimile
jprostok@forsheyprostok.com
srosen@forsheyprostok.com

ATTORNEYS FOR PALISADES TC, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2021 a copy of the foregoing document was served through the Court's ECF system on those parties receiving ECF notice, and as indicated below on the parties reflected below.

*Via Email*
Joyce Lindauer (joyce@joycelindauer.com)

*Via Email*
Erin Schmidt (erin.schmidt2@usdoj.gov)

/s/ Suzanne K. Rosen
Suzanne K. Rosen