Jeff P. Prostok
State Bar No. 16352500
Suzanne K. Rosen
State Bar No. 00798518
FORSHEY & PROSTOK, L.L.P.
777 Main Street, Suite 1550
Fort Worth, Texas 76102
(817) 877-8855 ● (817) 877-4151 Fax
jprostok@forsheyprostok.com
srosen@forsheyprostok.com

*Attorneys for Palisades TC, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | **§** | **Chapter 11** |
| | **§** | |
| **DALLAS REAL ESTATE INVESTORS, LLC,** | **§** | **Case No. 21-41488-elm11** |
| | **§** | |
| | **§** | **Emergency Consideration Requested** |
| **Debtor.** | **§** | |

**PALISADES TC, LLC'S MOTION TO ENFORCE *AGREED ORDER ON EMERGENCY MOTION FOR ORDER FINDING STAY DOES NOT APPLY OR, ALTERNATIVELY, FOR RELIEF FROM THE AUTOMATIC STAY TO FILE MEMORANDUM OF AGREEMENT IN REAL PROPERTY RECORDS* AND FOR SANCTIONS**
**[Relates to Docket No. 42]**

TO THE HONORABLE EDWARD L. MORRIS, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Palisades TC, LLC ("Palisades"), a party in interest in the above-referenced case, and hereby files this Motion to Enforce *Agreed Order on Emergency Motion for Order Finding Stay Does not Apply or, Alternatively, for Relief from the Automatic Stay to File Memorandum of Agreement* and for Sanctions (the "Motion to Enforce"). In support of this Motion to Enforce, Palisades would respectfully show the Court as follows:

## JURISDICTION

1. The Court has jurisdiction pursuant to 28 U.S.C. § 1334. This bankruptcy case and all related proceedings have been referred to this Court pursuant to 28 U.S.C. § 157. This matter constitutes a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2). This Court has full constitutional jurisdiction to enter a final order on this Motion.

**MOTION TO ENFORCE AGREED ORDER**

2. On July 27, 2021, Palisades filed an *Emergency Motion for Order Finding Stay Does Not Apply or, Alternatively, for Relief from the Automatic Stay to File Memorandum of Agreement in Real Property Records* (the "Motion for Relief from Stay") [Docket No. 25]. A major impetus of the Motion for Relief from Stay was the fact that the Debtor was not providing Palisades with any information or documentation relating to the status of a substantial investment Palisades made relating to a piece of real property located in Frisco, Texas (the "Frisco Property). Specifically, Palisades made a $3.5 million preferred equity investment to acquire 50% of Dallas Real Estate Lenders ("DREL"). The Debtor, which only invested $10, owns the remaining 50% of DREL. DREL, in turn, owns 100% of another entity named FHC Acquisition, LLC ("FHC Acquisition"), which owns the Frisco Property. Under the terms of the respective Company Agreements for DREL and FHC Acquisition, the Debtor is responsible for the day-to-day management of the Frisco Property, subject to certain actions requiring Palisades' written consent, and also required to provide Palisades with certain financial or other information relating to DREL, FHC Acquisition and the Frisco Property.[1]

3. On August 3, 2021, the Court entered an *Agreed Order on Emergency Motion for Order finding Stay Does Not Apply or, Alternatively, for Relief from the Automatic Stay to File Memorandum of Agreement in Real Property Records* (the "Agreed Order") [Docket No. 42], a copy of which is attached hereto as **Exhibit A**. In the Agreed Order, the Debtor, FHC Acquisition and DREL agreed to provide Palisades with documents relating to any sale or potential sale of the Frisco Property, and investment or potential investment in the Frisco Property, FHC Acquisition, or DREL, and any extension or proposed extension of the existing

[1] A complete overview of the corporate structure of DREL and FHC Acquisition and the provisions governing the rights of the Debtor and Palisades is set forth in paragraphs 9-12 of Palisades' *Motion to Convert Bankruptcy Case to Chapter 7 or Dismiss for Cause under Section 1112(b) of the Bankruptcy Code* (the "Motion to Convert") [Docket No. 47]. For the sake of brevity, those factual allegations are incorporated herein by reference rather than set forth at length herein.

loan on the Frisco Property (the "FHC Loan"). Specifically, paragraph 6 of the Agreed Order provides as follows:

> 6. FHC Acquisition, DREL and DREI and Palisades each agree to provide each other with copies of (i) any listing agreements, letters of intent, term sheets, sale agreements, or similar documents relating to the sale or potential sale of the Frisco Property; (ii) any letters of intent, term sheets, purchase and sale agreements, or similar documents relating to any investment or potential investment in the Frisco Property, FHC Acquisition, or DREL; and (iii) any documents renewing or extending, or proposing to renew or extend, the FHC Loan.

See Ex. A., Agreed Order at ¶ 6.

4. The Debtor filed its bankruptcy case the day before the expiration of the cure period under a settlement agreement between Palisades, on the one hand, and the Debtor, the Debtor's principal, Tim Barton ("Barton"), and a number of other Barton-affiliated entities on the other (the "Settlement Agreement"). The current amount owing by the Debtor, Barton and the Barton-affiliated entities is $4.75 million. The Debtor's schedule G provides that the Debtor intends to assume the Settlement Agreement with Palisades. (See Debtor's Schedules, Docket Nos. 16 and 37, attached hereto as **Exhibit B** and **Exhibit C**, respectively). However, the Debtor's Schedules reflect that the Debtor has no cash, no bank accounts, business operations from which to generate revenue, or property of any kind or nature other than its 50% equity interest in DREL. (See Ex. C at pp. 1-7). In other words, the Debtor has no cash, business revenues of any kind, or other funds with which it might be able to cure the outstanding default under the Settlement Agreement.

5. At the Section 341 Meeting, however, Barton testified that the Debtor is in negotiations with some unknown parties that are purportedly going to invest in the Frisco Property and make the Settlement Payment to Palisades. (See Except of Transcript from the 341 Meeting, attached hereto as **Exhibit D**, at pp. 27-29). Barton further testified that a letter of

intent and term sheet have been executed with such third party to recapitalize the property and that he is "working on a [sic] actual contract that would be the final document for closing." (See Ex. D at pp. 29-30). Under the terms of the Agreed Order entered on August 3, 2021, however, Barton and his related entities are required to provide Palisades with copies of "any letters of intent, term sheets, purchase and sale agreements, or similar documents relating to any investment or potential investment in the Frisco Property, FHC Acquisition, or DREL." [See Ex. A, Agreed Order at ¶ 6]. At the 341 Meeting, counsel for Palisades requested a copy of the documentation relating to this purported recapitalization from Barton and his counsel (see Ex. D at pp. 30-31) and followed up with an email to the Debtor's counsel requesting this information. [See Email to J. Lindauer attached hereto as **Exhibit E**]. To date, however, no documentation regarding a proposed recapitalization or other investment relating to the Frisco Property has been provided.

6. By this Motion to Enforce, Palisades requests that the Court enforce the Agreed Order and require the Debtor to immediately provide to Palisades a copy of the term sheet, letter of intent, and any other documentation relating to a proposed recapitalization or other investment relating to the Frisco Property. In addition, Palisades requests that the Court sanction the Debtor for its violation of the Agreed Order and award Palisades the amount of its attorneys' fees incurred relating to the preparation and presentation of this Motion to Enforce.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Palisades TC, LLC respectfully requests that, upon hearing of this Motion, the Court: (i) enter an order granting the Motion, (ii) requiring the Debtor to immediately provide to Palisades a copy of the term sheet, letter of intent, and any other documentation relating to a proposed recapitalization or other investment relating to the Frisco Property, (iii) awarding Palisades its attorneys' fees incurred in connection with the preparation and presentation of this Motion to Enforce, and (iii) granting Palisades such other and further relief as is just and equitable.

DATED: August 25, 2021.

Respectfully Submitted,

/s/ Suzanne K. Rosen
Jeff P. Prostok
State Bar No. 16352500
Suzanne K. Rosen
State Bar No. 00798518
**FORSHEY & PROSTOK, LLP**
777 Main Street, Suite 1550
Fort Worth, TX 76102
(817) 877-8855 Telephone
(817) 877-4151 Facsimile
jprostok@forsheyprostok.com
srosen@forsheyprostok.com

ATTORNEYS FOR PALISADES TC, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2021 a copy of the foregoing document was served through the Court's ECF system on those parties receiving ECF notice, and as indicated below on the parties reflected below.

*Via Email*
Joyce Lindauer (joyce@joycelindauer.com)

*Via Email*
Erin Schmidt (erin.schmidt2@usdoj.gov)

/s/ Suzanne K. Rosen
Suzanne K. Rosen