Jeff P. Prostok
State Bar No. 16352500
Suzanne K. Rosen
State Bar No. 00798518
FORSHEY & PROSTOK, L.L.P.
777 Main Street, Suite 1550
Fort Worth, Texas 76102
(817) 877-8855 ● (817) 877-4151 Fax
jprostok@forsheyprostok.com
srosen@forsheyprostok.com

*Attorneys for Palisades TC, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 11** |
| | § | |
| **DALLAS REAL ESTATE INVESTORS, LLC,** | § | **Case No. 21-41488-elm11** |
| | § | |
| | § | **Emergency Consideration Requested** |
| **Debtor.** | § | |

**PALISADES TC, LLC'S MOTION TO ENFORCE *AGREED ORDER ON EMERGENCY MOTION FOR ORDER FINDING STAY DOES NOT APPLY OR, ALTERNATIVELY, FOR RELIEF FROM THE AUTOMATIC STAY TO FILE MEMORANDUM OF AGREEMENT IN REAL PROPERTY RECORDS* AND FOR SANCTIONS**
**[Relates to Docket No. 42]**

TO THE HONORABLE EDWARD L. MORRIS, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Palisades TC, LLC ("Palisades"), a party in interest in the above-referenced case, and hereby files this Motion to Enforce *Agreed Order on Emergency Motion for Order Finding Stay Does not Apply or, Alternatively, for Relief from the Automatic Stay to File Memorandum of Agreement* and for Sanctions (the "Motion to Enforce"). In support of this Motion to Enforce, Palisades would respectfully show the Court as follows:

## JURISDICTION

1. The Court has jurisdiction pursuant to 28 U.S.C. § 1334. This bankruptcy case and all related proceedings have been referred to this Court pursuant to 28 U.S.C. § 157. This matter constitutes a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2). This Court has full constitutional jurisdiction to enter a final order on this Motion.



**EXHIBIT "C"**

## MOTION TO ENFORCE AGREED ORDER

2. On July 27, 2021, Palisades filed an *Emergency Motion for Order Finding Stay Does Not Apply or, Alternatively, for Relief from the Automatic Stay to File Memorandum of Agreement in Real Property Records* (the "Motion for Relief from Stay") [Docket No. 25]. A major impetus of the Motion for Relief from Stay was the fact that the Debtor was not providing Palisades with any information or documentation relating to the status of a substantial investment Palisades made relating to a piece of real property located in Frisco, Texas (the "Frisco Property). Specifically, Palisades made a $3.5 million preferred equity investment to acquire 50% of Dallas Real Estate Lenders ("DREL"). The Debtor, which only invested $10, owns the remaining 50% of DREL. DREL, in turn, owns 100% of another entity named FHC Acquisition, LLC ("FHC Acquisition"), which owns the Frisco Property. Under the terms of the respective Company Agreements for DREL and FHC Acquisition, the Debtor is responsible for the day-to-day management of the Frisco Property, subject to certain actions requiring Palisades' written consent, and also required to provide Palisades with certain financial or other information relating to DREL, FHC Acquisition and the Frisco Property.[1]

3. On August 3, 2021, the Court entered an *Agreed Order on Emergency Motion for Order finding Stay Does Not Apply or, Alternatively, for Relief from the Automatic Stay to File Memorandum of Agreement in Real Property Records* (the "Agreed Order") [Docket No. 42], a copy of which is attached hereto as **Exhibit A**. In the Agreed Order, the Debtor, FHC Acquisition and DREL agreed to provide Palisades with documents relating to any sale or potential sale of the Frisco Property, and investment or potential investment in the Frisco Property, FHC Acquisition, or DREL, and any extension or proposed extension of the existing

---

[1] A complete overview of the corporate structure of DREL and FHC Acquisition and the provisions governing the rights of the Debtor and Palisades is set forth in paragraphs 9-12 of Palisades' *Motion to Convert Bankruptcy Case to Chapter 7 or Dismiss for Cause under Section 1112(b) of the Bankruptcy Code* (the "Motion to Convert") [Docket No. 47]. For the sake of brevity, those factual allegations are incorporated herein by reference rather than set forth at length herein.

loan on the Frisco Property (the "FHC Loan"). Specifically, paragraph 6 of the Agreed Order provides as follows:

> 6. FHC Acquisition, DREL and DREI and Palisades each agree to provide each other with copies of (i) any listing agreements, letters of intent, term sheets, sale agreements, or similar documents relating to the sale or potential sale of the Frisco Property; (ii) any letters of intent, term sheets, purchase and sale agreements, or similar documents relating to any investment or potential investment in the Frisco Property, FHC Acquisition, or DREL; and (iii) any documents renewing or extending, or proposing to renew or extend, the FHC Loan.

See Ex. A., Agreed Order at ¶ 6.

4. The Debtor filed its bankruptcy case the day before the expiration of the cure period under a settlement agreement between Palisades, on the one hand, and the Debtor, the Debtor's principal, Tim Barton ("Barton"), and a number of other Barton-affiliated entities on the other (the "Settlement Agreement"). The current amount owing by the Debtor, Barton and the Barton-affiliated entities is $4.75 million. The Debtor's schedule G provides that the Debtor intends to assume the Settlement Agreement with Palisades. (See Debtor's Schedules, Docket Nos. 16 and 37, attached hereto as **Exhibit B** and **Exhibit C**, respectively). However, the Debtor's Schedules reflect that the Debtor has no cash, no bank accounts, business operations from which to generate revenue, or property of any kind or nature other than its 50% equity interest in DREL. (See Ex. C at pp. 1-7). In other words, the Debtor has no cash, business revenues of any kind, or other funds with which it might be able to cure the outstanding default under the Settlement Agreement.

5. At the Section 341 Meeting, however, Barton testified that the Debtor is in negotiations with some unknown parties that are purportedly going to invest in the Frisco Property and make the Settlement Payment to Palisades. (See Except of Transcript from the 341 Meeting, attached hereto as **Exhibit D**, at pp. 27-29). Barton further testified that a letter of

Case 21-41488-elm11 Doc 64 Filed 08/25/21 Entered 08/25/21 15:23:09 Page 4 of 5

intent and term sheet have been executed with such third party to recapitalize the property and that he is "working on a [sic] actual contract that would be the final document for closing." (See Ex. D at pp. 29-30). Under the terms of the Agreed Order entered on August 3, 2021, however, Barton and his related entities are required to provide Palisades with copies of "any letters of intent, term sheets, purchase and sale agreements, or similar documents relating to any investment or potential investment in the Frisco Property, FHC Acquisition, or DREL." [See Ex. A, Agreed Order at ¶ 6]. At the 341 Meeting, counsel for Palisades requested a copy of the documentation relating to this purported recapitalization from Barton and his counsel (see Ex. D at pp. 30-31) and followed up with an email to the Debtor's counsel requesting this information. [See Email to J. Lindauer attached hereto as **Exhibit E**]. To date, however, no documentation regarding a proposed recapitalization or other investment relating to the Frisco Property has been provided.

6. By this Motion to Enforce, Palisades requests that the Court enforce the Agreed Order and require the Debtor to immediately provide to Palisades a copy of the term sheet, letter of intent, and any other documentation relating to a proposed recapitalization or other investment relating to the Frisco Property. In addition, Palisades requests that the Court sanction the Debtor for its violation of the Agreed Order and award Palisades the amount of its attorneys' fees incurred relating to the preparation and presentation of this Motion to Enforce.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Palisades TC, LLC respectfully requests that, upon hearing of this Motion, the Court: (i) enter an order granting the Motion, (ii) requiring the Debtor to immediately provide to Palisades a copy of the term sheet, letter of intent, and any other documentation relating to a proposed recapitalization or other investment relating to the Frisco Property, (iii) awarding Palisades its attorneys' fees incurred in connection with the preparation and presentation of this Motion to Enforce, and (iii) granting Palisades such other and further relief as is just and equitable.

DATED: August 25, 2021.

Respectfully Submitted,

/s/ Suzanne K. Rosen
Jeff P. Prostok
State Bar No. 16352500
Suzanne K. Rosen
State Bar No. 00798518
**FORSHEY & PROSTOK, LLP**
777 Main Street, Suite 1550
Fort Worth, TX 76102
(817) 877-8855 Telephone
(817) 877-4151 Facsimile
jprostok@forsheyprostok.com
srosen@forsheyprostok.com

ATTORNEYS FOR PALISADES TC, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2021 a copy of the foregoing document was served through the Court's ECF system on those parties receiving ECF notice, and as indicated below on the parties reflected below.

*Via Email*
Joyce Lindauer (joyce@joycelindauer.com)

*Via Email*
Erin Schmidt (erin.schmidt2@usdoj.gov)

/s/ Suzanne K. Rosen
Suzanne K. Rosen

# Exhibit "A"

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 3, 2021**

**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **DALLAS REAL ESTATE INVESTORS, LLC,** | § | **CASE NO. 21-41488-elm** |
| | § | **CHAPTER 11** |
| | § | |
| **Debtor.** | § | |

**AGREED ORDER ON EMERGENCY MOTION FOR ORDER FINDING STAY DOES NOT APPLY OR, ALTERNATIVELY, FOR RELIEF FROM THE AUTOMATIC STAY TO FILE MEMORANDUM OF AGREEMENT IN REAL PROPERTY RECORDS (DOC. NO. 25)**

CAME ON FOR CONSIDERTION BY THE COURT the Emergency Motion for Order Finding Stay Does Not Apply or, Alternatively, for Relief from the Automatic Stay to File Memorandum of Agreement in Real Property Records (Doc. No. 25, the "Motion") filed by Palisades TC, LLC ("Palisades"), and the Amended Response thereto filed by Dallas Real Estate Investors, LLC, Debtor herein ("DREI") and the parties have stipulated and agreed as follows:

1. Capitalized terms not otherwise defined herein have the meaning attributed to such terms in the Motion.

2. The parties acknowledge that the terms of the Agreement dated January 11, 2021 are still binding on the parties to the Agreement until such time as the Agreement is either assumed or rejected by DREI; provided, however, that nothing in this Order shall prejudice any of the rights of Palisades or the Debtor and any other person executing this Agreed Order under the Bankruptcy Code.,

3. No person shall sell the Frisco Property made the subject of the Agreement without notice to and the consent of Palisades and, so long as the sale satisfies the terms of the Agreement, Palisades hereby consents to such a sale.

4. No person shall directly or indirectly be permitted to invest in the Frisco Property, FHC Acquisition, or DREL without notice to and the consent of Palisades and, so long as the investment satisfies the terms of the Agreement, Palisades hereby consents to such investment.

5. No person shall enter into a renewal or extension of the FHC Loan on the Frisco Property without notice to and the consent of Palisades and, so long as such renewal or extension of the FHC Loan does not increase the amount owed on the Frisco Property or otherwise change any terms of the FHC Loan other than the maturity date, then Palisades hereby consents to such renewal or extension.

6. FHC Acquisition, DREL and DREI and Palisades each agree to provide each other with copies of (i) any listing agreements, letters of intent, term sheets, sale agreements, or similar documents relating to the sale or potential sale of the Frisco Property; (ii) any letters of intent, term sheets, purchase and sale agreements, or similar documents relating to any investment or potential investment in the Frisco Property, FHC Acquisition, or DREL; and (iii) any documents renewing or extending, or proposing to renew or extend, the FHC Loan.

7. This Order shall be enforceable by contempt against all persons executing same.

IT IS ACCORDINGLY, ORDERED, ADJUDGED AND DECREED that the stipulations and agreements of the persons executing this Agreed Order are binding upon same and fully enforceable by this Court.

### # END OF ORDER # # #

**AGREED:**

Suzanne K. Rosen
State Bar No. 00798518
Forshey & Prostok, L.L.P.
777 Main Street, Suite 1550
Fort Worth, TX 76102
Attorneys for Palisades TC, LLC

Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Attorneys for Dallas Real Estate Investors, LLC

2999 TC JMJ MGR, LLC

By: ______________________
Timothy Barton, President

FIVE STAR MM, LLC

By: ______________________
Timothy Barton, President

FIVE STAR GM, LLC

By: ______________________
Timothy Barton, President

JMJ DEVELOPMENT LLC

By: ______________________
Timothy Barton, President

______________________
Timothy Barton, Individually

______________________
Joaquin Charles de Monet, Individually

DALLAS REAL ESTATE INVESTORS, LLC

By: ______________________
Timothy Barton, President

DALLAS REAL ESTATE LENDERS, LLC

By: ______________________
Timothy Barton, President

FHC ACQUISITION, LLC

By: ______________________
Timothy Barton, President

PALISADES TC, LLC

By: ______________________
Joaquin Charles de Monet, President

**AGREED:**

_________________________________
Suzanne K. Rosen
State Bar No. 00798518
Forshey & Prostok, L.L.P.
777 Main Street, Suite 1550
Fort Worth, TX 76102
Attorneys for Palisades TC, LLC

_________________________________
Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Attorneys for Dallas Real Estate Investors, LLC

2999 TC JMJ MGR, LLC

By: _________________________
Timothy Barton, President

FIVE STAR MM, LLC

By: _________________________
Timothy Barton, President

FIVE STAR GM, LLC

By: _________________________
Timothy Barton, President

JMJ DEVELOPMENT LLC

By: _________________________
Timothy Barton, President

_________________________________
Timothy Barton, Individually

_________________________________
Joaquin Charles de Monet, Individually

DALLAS REAL ESTATE INVESTORS, LLC

By: _________________________
Timothy Barton, President

DALLAS REAL ESTATE LENDERS, LLC

By: _________________________
Timothy Barton, President

FHC ACQUISITION, LLC

By: _________________________
Timothy Barton, President

PALISADES TC, LLC

By: _________________________
Joaquin Charles de Monet, President

# Exhibit "B"

**Fill in this information to identify the case**

Debtor name **Dallas Real Estate Investors, LLC**

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF TEXAS**

Case number (if known) **21-41488-elm**

☐ Check if this is an amended filing

Official Form 206A/B

## Schedule A/B: Assets -- Real and Personal Property

**12/15**

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

**For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.**

### Part 1: Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

☑ No. Go to Part 2.
☐ Yes. Fill in the information below.

**All cash or cash equivalents owned or controlled by the debtor** — **Current value of debtor's interest**

2. **Cash on hand**

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

Name of institution (bank or brokerage firm) — Type of account — Last 4 digits of account number

4. **Other cash equivalents** *(Identify all)*

Name of institution (bank or brokerage firm)

5. **Total of Part 1**
Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80. **$0.00**

### Part 2: Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.
☐ Yes. Fill in the information below.

Debtor **Dallas Real Estate Investors, LLC** Case number (if known) **21-41488-elm**
Name

**Current value of debtor's interest**

**7. Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit

**8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

**9. Total of Part 2.**
Add lines 7 through 8. Copy the total to line 81. **$0.00**

## Part 3: Accounts receivable

**10. Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.
☐ Yes. Fill in the information below.

**Current value of debtor's interest**

**11. Accounts receivable**

11a. 90 days old or less: ______ (face amount) – ______ (doubtful or uncollectible accounts) = .............. ➔ ______

11b. Over 90 days old: ______ (face amount) – ______ (doubtful or uncollectible accounts) = .............. ➔ ______

**12. Total of Part 3**
Current value on lines 11a + 11b = line 12. Copy the total to line 82. **$0.00**

## Part 4: Investments

**13. Does the debtor own any investments?**

☑ No. Go to Part 5.
☐ Yes. Fill in the information below.

**Valuation method used for current value** | **Current value of debtor's interest**

**14. Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

**15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity: % of ownership:

**16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

**17. Total of Part 4**
Add lines 14 through 16. Copy the total to line 83. **$0.00**

## Part 5: Inventory, excluding agriculture assets

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.
☐ Yes. Fill in the information below.

Debtor **Dallas Real Estate Investors, LLC** Case number (if known) **21-41488-elm**
Name

| | General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|---|
| **19.** | **Raw materials** | MM/DD/YYYY | | | |
| **20.** | **Work in progress** | | | | |
| **21.** | **Finished goods, including goods held for resale** | | | | |
| **22.** | **Other inventory or supplies** | | | | |

**23. Total of Part 5**
Add lines 19 through 22. Copy the total to line 84. **$0.00**

**24. Is any of the property listed in Part 5 perishable?**
☐ No
☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
☐ No
☐ Yes. Book value ________ Valuation method ________ Current value ________

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**
☐ No
☐ Yes

## Part 6: Farming and fishing-related assets (other than titled motor vehicles and land)

**27. Does the debtor own or lease any farming or fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.
☐ Yes. Fill in the information below.

| | General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **28.** | **Crops--either planted or harvested** | | | |
| **29.** | **Farm animals** *Examples:* Livestock, poultry, farm-raised fish | | | |
| **30.** | **Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| **31.** | **Farm and fishing supplies, chemicals, and feed** | | | |
| **32.** | **Other farming and fishing-related property not already listed in Part 6** | | | |

**33. Total of Part 6.**
Add lines 28 through 32. Copy the total to line 85. **$0.00**

**34. Is the debtor a member of an agricultural cooperative?**
☐ No
☐ Yes. Is any of the debtor's property stored at the cooperative?
  ☐ No
  ☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
☐ No
☐ Yes. Book value ________ Valuation method ________ Current value ________

**36. Is a depreciation schedule available for any of the property listed in Part 6?**
☐ No
☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**
☐ No
☐ Yes

Debtor **Dallas Real Estate Investors, LLC** Case number (if known) **21-41488-elm**
Name

## Part 7: Office furniture, fixtures, and equipment; and collectibles

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39. Office furniture** | | | |
| **40. Office fixtures** | | | |
| **41. Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| **42. Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |

**43. Total of Part 7.**
Add lines 39 through 42. Copy the total to line 86. **$0.00**

**44. Is a depreciation schedule available for any of the property listed in Part 7?**
☐ No
☐ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**
☐ No
☐ Yes

## Part 8: Machinery, equipment, and vehicles

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

| **General description** Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| **49. Aircraft and accessories** | | | |
| **50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |

**51. Total of Part 8.**
Add lines 47 through 50. Copy the total to line 87. **$0.00**

**52. Is a depreciation schedule available for any of the property listed in Part 8?**
☐ No
☐ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**
☐ No
☐ Yes

Debtor **Dallas Real Estate Investors, LLC** Case number (if known) **21-41488-elm**
Name

## Part 9: Real property

**54. Does the debtor own or lease any real property?**

- ☑ No. Go to Part 10.
- ☐ Yes. Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| **Description and location of property** Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | **Nature and extent of debtor's interest in property** | **Net book value of debtor's interest** (Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|---|

**56. Total of Part 9.**
Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88. **$0.00**

**57. Is a depreciation schedule available for any of the property listed in Part 9?**
- ☐ No
- ☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**
- ☐ No
- ☐ Yes

## Part 10: Intangibles and Intellectual Property

**59. Does the debtor have any interests in intangibles or intellectual property?**

- ☑ No. Go to Part 11.
- ☐ Yes. Fill in the information below.

| **General description** | **Net book value of debtor's interest** (Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | | | |
| **61. Internet domain names and websites** | | | |
| **62. Licenses, franchises, and royalties** | | | |
| **63. Customer lists, mailing lists, or other compilations** | | | |
| **64. Other intangibles, or intellectual property** | | | |
| **65. Goodwill** | | | |

**66. Total of Part 10.**
Add lines 60 through 65. Copy the total to line 89. **$0.00**

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**
- ☐ No
- ☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
- ☐ No
- ☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**
- ☐ No
- ☐ Yes

Debtor **Dallas Real Estate Investors, LLC** Case number (if known) **21-41488-elm**
Name

## Part 11: All other assets

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.
☑ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|
| **71. Notes receivable** | |
| Description (include name of obligor) | |
| **72. Tax refunds and unused net operating losses (NOLs)** | |
| Description (for example, federal, state, local) | |
| **73. Interests in insurance policies or annuities** | |
| **74. Causes of action against third parties (whether or not a lawsuit has been filed)** | |
| **75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims** | |
| **76. Trusts, equitable or future interests in property** | |
| **77. Other property of any kind not already listed** *Examples:* Season tickets, country club membership | |
| **Debtor owns 100% of FHC LLC, which owns the property located at Syria Gate Way, Blk A, Lot 13, Frisco, TX 75034** | **$10,000,000.00** |
| **78. Total of Part 11.** Add lines 71 through 77. Copy the total to line 90. | **$10,000,000.00** |

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**
☑ No
☐ Yes

Debtor **Dallas Real Estate Investors, LLC** Case number (if known) **21-41488-elm**
Name

## Part 12: Summary

**In Part 12 copy all of the totals from the earlier parts of the form.**

| | Type of property | Current value of personal property | Current value of real property |
|---|---|---|---|
| 80. | **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $0.00 | |
| 81. | **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. | **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. | **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. | **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. | **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. | **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. | **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. | **Real property.** *Copy line 56, Part 9.* ➔ | | $0.00 |
| 89. | **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. | **All other assets.** *Copy line 78, Part 11.* | + $10,000,000.00 | |
| 91. | **Total.** Add lines 80 through 90 for each column. | 91a. $10,000,000.00 | + 91b. $0.00 |

**92. Total of all property on Schedule A/B.** Lines 91a + 91b = 92 ........ **$10,000,000.00**

**Fill in this information to identify the case:**

Debtor name **Dallas Real Estate Investors, LLC**

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF TEXAS**

Case number (if known) **21-41488-elm**

☐ Check if this is an amended filing

Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

**12/15**

**Be as complete and accurate as possible.**

1. **Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
☑ Yes. Fill in all of the information below.

### Part 1: List Creditors Who Have Secured Claims

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | *Column A* **Amount of claim** Do not deduct the value of collateral. | *Column B* **Value of collateral that supports this claim** |
|---|---|---|
| **2.1** Palisades Capital Realty Advisors | **$3,500,000.00** | **$10,000,000.00** |

**2.1**

**Creditor's name**
**Palisades Capital Realty Advisors**

**Creditor's mailing address**
**1919 McKinney Avenue**
**Suite 100**
**Dallas TX 75201**

**Creditor's email address, if known**

**Date debt was incurred**

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☑ No
☐ Yes. Specify each creditor, including this creditor, and its relative priority.

**Describe debtor's property that is subject to a lien**
**Real Property**

**Describe the lien**
**Business Debt**

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.
☑ Contingent
☑ Unliquidated
☑ Disputed

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.** **$3,500,000.00**

Debtor **Dallas Real Estate Investors, LLC** Case number (if known) **21-41488-elm**

## Part 2: List Others to Be Notified for a Debt Already Listed in Part 1

**List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.**

**If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.**

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| **Joaquin de Monet**<br>**Palisades Capital Realty**<br>**5740 Northmoor Dr.**<br>**Dallas TX 75230** | Line **2.1** | |
| **Joel W. Reese**<br>**Reese Marketos LLP**<br>**750 N. Saint Paul St., Suite 600**<br>**Dallas TX 75201** | Line **2.1** | |

**Fill in this information to identify the case:**

Debtor **Dallas Real Estate Investors, LLC**

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF TEXAS**

Case number (if known) **21-41488-elm**

☐ Check if this is an amended filing

Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims

12/15

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

### Part 1: List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☑ No. Go to Part 2.
☐ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or part.** If more space is needed for priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|
| **2.1** Priority creditor's name and mailing address | **As of the petition filing date, the claim is:** *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:**<br>**Is the claim subject to offset?**<br>☐ No<br>☐ Yes | | |
| **Date or dates debt was incurred**<br>**Last 4 digits of account number** ___ ___ ___ ___<br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a)( ____ ) | | | |

Debtor **Dallas Real Estate Investors, LLC** Case number (if known) **21-41488-elm**

## Part 2: List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If more space is needed for nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

**Amount of claim**

**3.1 Nonpriority creditor's name and mailing address**

**Fab Studio**
**5646 Milton Street**

**Dallas TX 75205**

**Date or dates debt was incurred**

**Last 4 digits of account number** ___ ___ ___ ___

**As of the petition filing date, the claim is:** *Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:** **Business Debt**

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

**$88,453.40**

**3.2 Nonpriority creditor's name and mailing address**

**Halff Associates**
**12225 Greenville Avenue**
**Suite 200**

**Dallas TX 75243**

**Date or dates debt was incurred**

**Last 4 digits of account number** ___ ___ ___ ___

**As of the petition filing date, the claim is:** *Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:** **Business Debt**

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

**$14,267.31**

**3.3 Nonpriority creditor's name and mailing address**

**HR Sterling**
**13901 Midway Road**
**Suite 102**

**Dallas TX 75244**

**Date or dates debt was incurred**

**Last 4 digits of account number** ___ ___ ___ ___

**As of the petition filing date, the claim is:** *Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:** **Business Debt**

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

**$28,800.00**

**3.4 Nonpriority creditor's name and mailing address**

**Jackson Walker**
**2323 Ross Avenue**
**Suite 600**

**Dallas TX 75201**

**Date or dates debt was incurred**

**Last 4 digits of account number** ___ ___ ___ ___

**As of the petition filing date, the claim is:** *Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:** **Attorney Fees**

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

**$54,543.30**

Debtor **Dallas Real Estate Investors, LLC** Case number (if known) **21-41488-elm**

## Part 2: Additional Page

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page.**

**Amount of claim**

**3.5** **Nonpriority creditor's name and mailing address**

JMJ Development LLC
1755 Wittington Place
Suite 340
Dallas TX 75234

**Date or dates debt was incurred**

**Last 4 digits of account number** __ __ __ __

**As of the petition filing date, the claim is:** *Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Business Debt

**Is the claim subject to offset?**

☑ No
☐ Yes

**$487,537.22**

**3.6** **Nonpriority creditor's name and mailing address**

McMurry Law
508 W. Lookout Drive
Suite 14-74
Richardson TX 75080

**Date or dates debt was incurred**

**Last 4 digits of account number** __ __ __ __

**As of the petition filing date, the claim is:** *Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Attorney Fees

**Is the claim subject to offset?**

☑ No
☐ Yes

**$24,000.00**

**3.7** **Nonpriority creditor's name and mailing address**

Metzger Law PLLC
3626 N. Hall Street
Unit 800
Dallas TX 75219

**Date or dates debt was incurred**

**Last 4 digits of account number** __ __ __ __

**As of the petition filing date, the claim is:** *Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Attorney Fees

**Is the claim subject to offset?**

☑ No
☐ Yes

**$15,847.95**

**3.8** **Nonpriority creditor's name and mailing address**

Morelli Design
7433 Varna Avenue
Los Angeles CA 91605

**Date or dates debt was incurred**

**Last 4 digits of account number** __ __ __ __

**As of the petition filing date, the claim is:** *Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Business Debt

**Is the claim subject to offset?**

☑ No
☐ Yes

**$75,500.00**

Debtor **Dallas Real Estate Investors, LLC** Case number (if known) **21-41488-elm**

## Part 2: Additional Page

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page.**

**Amount of claim**

**3.9** **Nonpriority creditor's name and mailing address**

**The Gate Property Owners Association**
**2595 Dallas Parkway**
**Suite 470**

**Frisco TX 75034**

**Date or dates debt was incurred**

**Last 4 digits of account number** ___ ___ ___ ___

**As of the petition filing date, the claim is:**
*Check all that apply.*

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:**
**Business Debt**

**Is the claim subject to offset?**

- ☑ No
- ☐ Yes

**$19,979.56**

**3.10** **Nonpriority creditor's name and mailing address**

**Tint Zone**
**860 N. Crowley Road**

**Crowley TX 76036**

**Date or dates debt was incurred**

**Last 4 digits of account number** ___ ___ ___ ___

**As of the petition filing date, the claim is:**
*Check all that apply.*

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:**
**Business Debt**

**Is the claim subject to offset?**

- ☑ No
- ☐ Yes

**$1,060.85**

Debtor **Dallas Real Estate Investors, LLC** Case number (if known) **21-41488-elm**

## Part 4: Total Amounts of the Priority and Nonpriority Unsecured Claims

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | Total of claim amounts |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | **$0.00** |
| 5b. **Total claims from Part 2** | 5b. + | **$809,989.59** |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | **$809,989.59** |

**Fill in this information to identify the case:**

Debtor name **Dallas Real Estate Investors, LLC**

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF TEXAS**

Case number (if known) **21-41488-elm** Chapter **11**

☐ Check if this is an amended filing

Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

**12/15**

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

**2. List all contracts and unexpired leases**

| | | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|---|
| **2.1** | State what the contract or lease is for and the nature of the debtor's interest | **Settlement Agreement**<br>**Contract to be ASSUMED** | **Palisades TC, LLC**<br>**1919 McKinney Avenue**<br>**Suite 100**<br>**Dallas TX 75201** |
| | State the term remaining | | |
| | List the contract number of any government contract | | |

**Fill in this information to identify the case:**

Debtor name **Dallas Real Estate Investors, LLC**

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF TEXAS**

Case number (if known) **21-41488-elm**

☐ Check if this is an amended filing

Official Form 206H

## Schedule H: Codebtors

**12/15**

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

1. **Does the debtor have any codebtors?**
   - ☑ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
   - ☐ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G.*** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |

**Fill in this information to identify the case:**

Debtor Name **Dallas Real Estate Investors, LLC**

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF TEXAS**

Case number (if known): **21-41488-elm**

☐ Check if this is an amended filing

Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

**12/15**

## Part 1: Summary of Assets

**1.** ***Schedule A/B: Assets--Real and Personal Property*** (Official Form 206A/B)

| | |
|---|---|
| 1a. **Real property:** Copy line 88 from Schedule A/B | **$0.00** |
| 1b. **Total personal property:** Copy line 91A from Schedule A/B | **$10,000,000.00** |
| 1c. **Total of all property** Copy line 92 from Schedule A/B | **$10,000,000.00** |

## Part 2: Summary of Liabilities

| | |
|---|---|
| **2.** ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D) Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D | **$3,500,000.00** |
| **3.** ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F) | |
| 3a. **Total claim amounts of priority unsecured claims:** Copy the total claims from Part 1 from line 5a of Schedule E/F | **$0.00** |
| 3b. **Total amount of claims of nonpriority amount of unsecured claims:** Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F | **+ $809,989.59** |
| **4. Total liabilities** Lines 2 + 3a + 3b | **$4,309,989.59** |

**Fill in this information to identify the case and this filing:**

Debtor Name **Dallas Real Estate Investors, LLC**

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF TEXAS**

Case number (if known) **21-41488-elm**

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

**12/15**

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- [x] *Schedule A/B: Assets--Real and Personal Property* (Official Form 206A/B)
- [x] *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- [x] *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- [x] *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- [x] *Schedule H: Codebtors* (Official Form 206H)
- [x] *A Summary of Assets and Liabilities for Non-Individuals* (Official Form 206-Summary)
- [ ] Amended Schedule ______________________
- [ ] *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- [ ] Other document that requires a declaration ______________________

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **07/06/2021**
MM / DD / YYYY

X **/s/ Timothy Barton**
Signature of individual signing on behalf of debtor

**Timothy Barton**
Printed name

**President**
Position or relationship to debtor

# Exhibit "C"

**Fill in this information to identify the case**

Debtor name **Dallas Real Estate Investors, LLC**

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF TEXAS**

Case number (if known) **21-41488-elm**

☐ Check if this is an amended filing

Official Form 206A/B

## Schedule A/B: Assets -- Real and Personal Property

**12/15**

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

**For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.**

### Part 1: Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

☑ No. Go to Part 2.
☐ Yes. Fill in the information below.

**All cash or cash equivalents owned or controlled by the debtor** — **Current value of debtor's interest**

2. **Cash on hand**

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number

4. **Other cash equivalents** *(Identify all)*

Name of institution (bank or brokerage firm)

5. **Total of Part 1**
Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80. **$0.00**

### Part 2: Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.
☐ Yes. Fill in the information below.

Debtor **Dallas Real Estate Investors, LLC** Case number (if known) **21-41488-elm**
Name

**Current value of debtor's interest**

**7. Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit

**8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

**9. Total of Part 2.**
Add lines 7 through 8. Copy the total to line 81. **$0.00**

## Part 3: Accounts receivable

**10. Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.
☐ Yes. Fill in the information below.

**Current value of debtor's interest**

**11. Accounts receivable**

11a. 90 days old or less: ______ face amount – ______ doubtful or uncollectible accounts = .............. ➔ ______

11b. Over 90 days old: ______ face amount – ______ doubtful or uncollectible accounts = .............. ➔ ______

**12. Total of Part 3**
Current value on lines 11a + 11b = line 12. Copy the total to line 82. **$0.00**

## Part 4: Investments

**13. Does the debtor own any investments?**

☑ No. Go to Part 5.
☐ Yes. Fill in the information below.

**Valuation method used for current value** | **Current value of debtor's interest**

**14. Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

**15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity: % of ownership:

**16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

**17. Total of Part 4**
Add lines 14 through 16. Copy the total to line 83. **$0.00**

## Part 5: Inventory, excluding agriculture assets

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.
☐ Yes. Fill in the information below.

Debtor **Dallas Real Estate Investors, LLC** Case number (if known) **21-41488-elm**
Name

| | General description | Date of the last physical inventory MM/DD/YYYY | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|---|
| 19. | **Raw materials** | | | | |
| 20. | **Work in progress** | | | | |
| 21. | **Finished goods, including goods held for resale** | | | | |
| 22. | **Other inventory or supplies** | | | | |
| 23. | **Total of Part 5** Add lines 19 through 22. Copy the total to line 84. | | | | **$0.00** |

**24. Is any of the property listed in Part 5 perishable?**

- ☐ No
- ☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

- ☐ No
- ☐ Yes. Book value ____________ Valuation method ____________ Current value ____________

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**

- ☐ No
- ☐ Yes

## Part 6: Farming and fishing-related assets (other than titled motor vehicles and land)

**27. Does the debtor own or lease any farming or fishing-related assets (other than titled motor vehicles and land)?**

- ☑ No. Go to Part 7.
- ☐ Yes. Fill in the information below.

| | General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 28. | **Crops--either planted or harvested** | | | |
| 29. | **Farm animals** *Examples:* Livestock, poultry, farm-raised fish | | | |
| 30. | **Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| 31. | **Farm and fishing supplies, chemicals, and feed** | | | |
| 32. | **Other farming and fishing-related property not already listed in Part 6** | | | |
| 33. | **Total of Part 6.** Add lines 28 through 32. Copy the total to line 85. | | | **$0.00** |

**34. Is the debtor a member of an agricultural cooperative?**

- ☐ No
- ☐ Yes. Is any of the debtor's property stored at the cooperative?
  - ☐ No
  - ☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

- ☐ No
- ☐ Yes. Book value ____________ Valuation method ____________ Current value ____________

**36. Is a depreciation schedule available for any of the property listed in Part 6?**

- ☐ No
- ☐ Yes

Debtor **Dallas Real Estate Investors, LLC** Case number (if known) **21-41488-elm**
Name

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**
- ☐ No
- ☐ Yes

## Part 7: Office furniture, fixtures, and equipment; and collectibles

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

- ☑ No. Go to Part 8.
- ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39. Office furniture** | | | |
| **40. Office fixtures** | | | |
| **41. Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| **42. Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |

**43. Total of Part 7.**
Add lines 39 through 42. Copy the total to line 86. **$0.00**

**44. Is a depreciation schedule available for any of the property listed in Part 7?**
- ☐ No
- ☐ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**
- ☐ No
- ☐ Yes

## Part 8: Machinery, equipment, and vehicles

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

- ☑ No. Go to Part 9.
- ☐ Yes. Fill in the information below.

| General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| **49. Aircraft and accessories** | | | |
| **50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |

**51. Total of Part 8.**
Add lines 47 through 50. Copy the total to line 87. **$0.00**

**52. Is a depreciation schedule available for any of the property listed in Part 8?**
- ☐ No
- ☐ Yes

Debtor **Dallas Real Estate Investors, LLC** Case number (if known) **21-41488-elm**
Name

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**

- ☐ No
- ☐ Yes

## Part 9: Real property

**54. Does the debtor own or lease any real property?**

- ☑ No. Go to Part 10.
- ☐ Yes. Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| **Description and location of property** Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | **Nature and extent of debtor's interest in property** | **Net book value of debtor's interest** (Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|---|

**56. Total of Part 9.**
Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88. **$0.00**

**57. Is a depreciation schedule available for any of the property listed in Part 9?**

- ☐ No
- ☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**

- ☐ No
- ☐ Yes

## Part 10: Intangibles and Intellectual Property

**59. Does the debtor have any interests in intangibles or intellectual property?**

- ☑ No. Go to Part 11.
- ☐ Yes. Fill in the information below.

| **General description** | **Net book value of debtor's interest** (Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | | | |
| **61. Internet domain names and websites** | | | |
| **62. Licenses, franchises, and royalties** | | | |
| **63. Customer lists, mailing lists, or other compilations** | | | |
| **64. Other intangibles, or intellectual property** | | | |
| **65. Goodwill** | | | |

**66. Total of Part 10.**
Add lines 60 through 65. Copy the total to line 89. **$0.00**

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**

- ☐ No
- ☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

- ☐ No
- ☐ Yes

Debtor **Dallas Real Estate Investors, LLC** Case number (if known) **21-41488-elm**
Name

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

- ☐ No
- ☐ Yes

## Part 11: All other assets

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

- ☐ No. Go to Part 12.
- ☑ Yes. Fill in the information below.

**Current value of debtor's interest**

**71. Notes receivable**

Description (include name of obligor)

**72. Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

**73. Interests in insurance policies or annuities**

**74. Causes of action against third parties (whether or not a lawsuit has been filed)**

**75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

**76. Trusts, equitable or future interests in property**

**77. Other property of any kind not already listed** *Examples:* Season tickets, country club membership

**Debtor owns 50% of Dallas Real Estate Lenders, LLC, which owns 100% of FHC Aquisition, LLC, which owns the property located at Syria Gate Way, Blk A, Lot 13, Frisco, TX 75034. The other 50% of Dallas Real Estate Lenders is owned by Palisades TC, LLC. The debtor has valued the real property at $10M. Palisades contends the value is less since the Collin County Appraisal District has the prpoerty valued at $6.34M. Debtor's value is based on it analysis of fair market value sales in the area.** **$10,000,000.00**

**78. Total of Part 11.**
Add lines 71 through 77. Copy the total to line 90. **$10,000,000.00**

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**

- ☑ No
- ☐ Yes

Debtor **Dallas Real Estate Investors, LLC** Case number (if known) **21-41488-elm**
Name

## Part 12: Summary

**In Part 12 copy all of the totals from the earlier parts of the form.**

| | Type of property | Current value of personal property | Current value of real property |
|---|---|---|---|
| 80. | **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $0.00 | |
| 81. | **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. | **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. | **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. | **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. | **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. | **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. | **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. | **Real property.** *Copy line 56, Part 9.* ➔ | | $0.00 |
| 89. | **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. | **All other assets.** *Copy line 78, Part 11.* | + $10,000,000.00 | |
| 91. | **Total.** Add lines 80 through 90 for each column. | 91a. $10,000,000.00 | + 91b. $0.00 |

**92. Total of all property on Schedule A/B.** Lines 91a + 91b = 92 **$10,000,000.00**

**Fill in this information to identify the case and this filing:**

Debtor Name **Dallas Real Estate Investors, LLC**

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF TEXAS**

Case number (if known) **21-41488-elm**

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

**12/15**

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets--Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *A Summary of Assets and Liabilities for Non-Individuals* (Official Form 206-Summary)
- ☑ Amended Schedule **A/B**
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **08/02/2021**
MM / DD / YYYY

X **/s/ Timothy Barton**
Signature of individual signing on behalf of debtor

**Timothy Barton**
Printed name

**President**
Position or relationship to debtor

# Exhibit "D"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| In Re:<br><br>DALLAS REAL ESTATE INVESTORS, LLC,<br><br>Debtor. | **Case No. 21-41488-elm-11**<br><br>August 11, 2021<br>9:30 a.m. |

TRANSCRIPT OF TELEPHONIC
341(a) MEETING OF CREDITORS

PRESIDING OFFICER: ERIN SCHMIDT,
UNITED STATES TRUSTEE'S OFFICE.

APPEARANCES:

| | |
|---|---|
| For the U.S. Trustee: | Erin Schmidt<br>OFFICE OF THE UNITED STATES TRUSTEE<br>1100 Commerce Street, Room 976<br>Dallas, TX 75242<br>(214) 767-8967 |
| For the Debtor: | Kerry Alleyne<br>JOYCE W. LINDAUER ATTORNEY, PLLC<br>1412 Main Street, Suite 500<br>Dallas, TX 75202<br>(972) 503-4033 |
| For Palisades TC, LLC.: | Suzanne K. Rosen<br>FORSHEY & PROSTOK, LLP<br>777 Main Street, Suite 1550<br>Fort Worth, TX 76102<br>(817) 878-2018 |
| For The Gate Property Owners Association: | Jacob Sparks<br>SPENCER FANE, LLP<br>2200 Ross Avenue, Suite 4800 West<br>Dallas, TX 75201<br>(214) 750-3624 |

Transcribed by: Kathy Rehling
311 Paradise Cove
Shady Shores, TX 76208
(972) 786-3063

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

FHC $9,250,000 for the real property nine months ago; is that right?

MR. BARTON: Correct.

MR. SPARKS: And who made that offer?

MR. BARTON: Well, there's confidentiality. And I'll -- can talk to the lawyers and see if we can disclose that to you.

MR. SPARKS: And you said that you believe the dirt is worth $10 million; is that right?

MR. BARTON: Correct.

MR. SPARKS: Does that valuation take into account the restrictive covenants on the property?

MR. BARTON: All of the covenants that are in place, correct.

MR. SPARKS: Okay. Thank you. I'll pass the witness.

MS. SCHMIDT: All right. Thank you, Mr. Sparks.

Ms. Rosen, any questions?

MS. ROSEN: Your Honor.

EXAMINATION BY MS. ROSEN

MS. ROSEN: Good morning, Mr. Barton. I have a quick question. I'm looking at Docket No. 16, which were the original schedules, and I'm looking at Schedule G, which is on Page 16 of 18. And there you have listed a settlement agreement -- a settlement agreement contract to be assumed.

And that's with Palisades. Is it the Debtor's intention to assume that executory contract?

MR. BARTON: Yes.

MS. ROSEN: And are you aware that when an executory contract is assumed that the Debtor is required to pay any outstanding defaults?

MR. BARTON: I don't understand what you mean.

MS. ROSEN: It means that when a debtor assumes a contract, in order to be able to assume an executory contract, you have to pay any amounts that are owing on the contract in order to be able to assume it.

MR. BARTON: Correct.

MS. ROSEN: Okay. And so my question is it says here that the executory -- the settlement agreement, as an executory contract, is to be assumed. And do you know how much is currently owed? I think you said earlier it was something over $4 million under the settlement agreement.

MR. BARTON: It's less than $4 million because there's been payments that have already been made.

MS. ROSEN: Okay. So less than $4 million, but over $3 million?

MR. BARTON: Correct.

MS. ROSEN: And how is the Debtor going to be able to assume that executory contract? With what money?

MR. BARTON: It's in negotiations as we speak with

parties that are going to invest into -- into the Debtor's entity and pay off the settlement agreement.

MS. ROSEN: And what's the time schedule on that?

MR. BARTON: Right now, we believe it will be done in less than 60 days.

MS. ROSEN: And what's the status of the negotiations? Are these just verbal negotiations? Do you have -- have you exchanged a letter of intent or a term sheet? Or what's the -- what's the status on those negotiations?

MR. BARTON: There was a letter of intent and it moved to a term sheet and now we're working on a actual contract that would be the final document for the closing.

MS. ROSEN: Okay. Do you recall --

(Interruption.)

MS. SCHMIDT: All right. We are back on the record. Ms. Rosen, do you want to ask your question again, if you can remember what it was?

MS. ROSEN: I'll do my best.

Okay. So, Mr. Barton, last week, Palisades and the Debtor and some other of the related entities entered into an agreed order on a motion that had previously been filed by Palisades. And as part of that agreed order, FHC Acquisition, Dallas Real Estate Lenders, and the Debtor and Palisades agreed to provide each other with copies of any

letters of intent, term sheets, purchase and sale agreements, or similar documents relating to any investment or potential investment in the Frisco property, FHC Acquisition, or Dallas Real Estate Lenders.

And it sounds like you are telling me that the Debtor has a letter of intent and a term sheet with a third party relating -- that will result in some sort of a recapitalization of the property. And I guess my question is, have those documents been provided to Palisades? To my knowledge, they have not. And when will they be provided?

MR. BARTON: Yes. I can check with our lawyers, I know they've been given to them, and it's, you know, in the process of getting over to Palisades.

MS. ROSEN: By your lawyers, do you mean Ms. Lindauer?

MR. BARTON: Ms. Lindauer and also Mr. Metzger, Steve Metzger.

MS. ROSEN: And is -- I apologize. Who's on the line from Ms. Lindauer's firm?

MS. ALLEYNE: Kerry Alleyne.

MS. ROSEN: Hi. Ms. Alleyne, would you mind, please, providing us with copies of those documents?

MS. ALLEYNE: I mean, I'll check in on the status with Ms. Lindauer and Mr. Metzger. I wasn't involved, so I'll look into it.

MS. ROSEN: I just want to make a formal demand for those records. I mean, that was part of our deal last week, was that those things are supposed to be provided. And I appreciate Mr. Barton saying that those will be provided to us, and I just -- we need -- we need to get those documents. Okay.

MS. ALLEYNE: Well, --

MS. ROSEN: So, Mr. Barton, --

MS. ALLEYNE: -- not going to accept this as a venue for a formal demand. I will check into it. I have no idea what occurred. I wasn't involved.

MS. ROSEN: Okay. No, I appreciate it. We've just got a court order that those are to be turned over, and I just want to make sure that those are going to be turned over.

MR. BARTON: We'll get it done.

MS. ROSEN: Okay.

MR. BARTON: No problem.

MS. ROSEN: Okay. I appreciate it. Thank you.

Mr. Barton, okay. Another question. As to FHC (inaudible) level relating to the property, is there any bank debt on the property?

MR. BARTON: Yes.

MS. ROSEN: How much is that bank debt?

MR. BARTON: I believe it's $3-1/2 -- $3.2 [million]

MS. SCHMIDT: All right. With that, I'm going to go ahead and conclude the meeting of creditors. I'm going to hit the stop button on the recorder.

(Whereupon, after 50 minutes, the meeting of creditors was concluded.)

--oOo--

CERTIFICATE

I certify that the foregoing is a correct transcript to the best of my ability from the electronic sound recording provided of the proceedings in the above-entitled matter.

**/s/ Kathy Rehling** **08/19/2021**

_____________________________________ ___________________

Kathy Rehling, CETD-444 Date
Certified Electronic Court Transcriber

INDEX

PROCEEDINGS 3

WITNESSES

Tim Barton, Debtor's Representative

Examination by Ms. Schmidt 4
Examination by Mr. Sparks 24
Examination by Ms. Rosen 27

EXHIBITS

END OF MEETING 36

INDEX 37

# Exhibit "E"

**Suki Rosen**

---

**From:** Joyce Lindauer <joyce@joycelindauer.com>
**Sent:** Wednesday, August 11, 2021 3:58 PM
**To:** Suki Rosen
**Subject:** RE: [External] DREI - 341 meeting and formal document request

I have not seen any of this but I will pass along your message

---

**From:** Suki Rosen <srosen@forsheyprostok.com>
**Sent:** Wednesday, August 11, 2021 3:30 PM
**To:** Joyce Lindauer <joyce@joycelindauer.com>; 'larry martin' <larry.martin1948@gmail.com>
**Subject:** DREI - 341 meeting and formal document request

HI Joyce and Larry,
Mr. Barton testified under oath at the 341 meeting this morning that the debtor has been in discussions with a potential investor in the Frisco property and the parties have executed an LOI, term sheet, and are now working on definitive documentation for a final agreement. As you know, under the agreed order we all signed last week, the debtor and related entities are required to provide "any letters of intent, term sheets, purchase and sale agreements, or similar documents relating to any investment or potential investment in the Frisco Property, FHC Acquisition, or DREL" to Palisades. I made a formal demand for these documents at the 341 meeting, but I wanted to follow up with you by email. Mr. Barton testified that he has provided them to his counsel, including the Lindauer Firm. As a result, please send us those documents immediately. If we have not received them by Friday, we will have no choice but to file a motion to enforce the agreed order.

Separately, what is the plan for paying the outstanding property owners association (POA) fees? Counsel for the POA indicated that they plan to file suit against FHC Acquisition because the amounts have not been paid. Please advise. Thanks.
Best,

**Suzanne K. "Suki" Rosen | FORSHEYPROSTOK LLP**
**Partner | 817.878.2018 | Fax 817.877.4151**
**777 Main Street, Suite 1550 | Fort Worth, TX 76102**

srosen@forsheyprostok.com

www.forsheyprostok.com

CONFIDENTIALITY STATEMENT--VIRUS WARNING --
Unless otherwise indicated or obvious from the nature of this transmittal, the information contained in this email message is attorney-client privileged and confidential, intended for the sole use of the intended recipient(s). Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by email and destroy all copies of the original message. Although this email and any attachments are believed to be free of any virus or other defects that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Forshey & Prostok, L.L.P. for any loss or damage arising in any way from its use.

To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot

be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing, or recommending to another party any tax-related matters addressed.