# Exhibit “16”

SpencerFane

JACOB SPARKS
Telephone: (214) 750-3624
Facsimile: (214) 750-3612
Email: JSparks@SpencerFane.com

Matter No. 5037270.0002

March 4, 2021

**VIA OVERNIGHT DELIVERY,**
**COURIER, FIRST CLASS MAIL**
**AND CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Mr. Tim Barton
FHC Acquisition, LLC
1755 Wittington Place, Suite 340
Dallas, Texas 75234

**RE: Notice of Default and Demand for Payment**

Mr. Barton:

The property described as Lot 13, Block A, The Gate, an addition to the City of Frisco, Collin County, Texas, according to the plat thereof recorded in Volume 2019, Page 275, Plat Records, Collin County, Texas (the "**Property**") acquired by FHC Acquisition, LLC ("**FHC**") from IGO-USA LP by virtue of that certain Special Warranty Deed With Vendor's Lien dated January 31, 2020, recorded February 3, 2020 under Clerk's File No. 20200203000144930, Real Property Records, Collin County, Texas, is subject to, among other things: (**i**) all the terms and conditions set forth in that certain Amended and Restated Master Declaration of Covenants, Conditions and Restrictions for The Gate recorded under Clerk's File No. 20160923001280990, Real Property Records, Collin County, Texas (the "**Declaration**") due to the recording of that certain Notice of Applicability dated January 31, 2020, recorded same date under Clerk's File No. 20200131000144690, Real Property Records, Collin County, Texas (the "**NOA**"); and (**ii**) the rules (the "**Rules**") for The Gate Property Owners Association, Inc., a Texas nonprofit corporation (the "**POA**"), which are included as "Attachment 3" to The Gate Community Manual recorded October 3, 2016 under Clerk's File No. 20161003001325810, Real Property Records, Collin County, Texas (the "**Community Manual**"). Any term capitalized, but not defined herein, shall have the same meaning ascribed to such term as set forth in the Declaration.

Pursuant to the terms and conditions set forth in the Declaration, the Property is subject to, and FHC is responsible and liable for and otherwise obligated to timely pay to the POA, all Assessments applicable to the Property. The total amount of Assessments are determined by the Board in accordance with the terms of Article IV of the Declaration. In addition to the Special

Common Area Assessment in the amount of $4,333.58 allocated to the Property per Section 4.05 of the Declaration and as reflected in Section 5 of the NOA, the Property is subject to Regular Assessments. In accordance with Section 4.03 of the Declaration, once the Board of the POA approves of the final budget for the applicable fiscal year, each Lot made subject to the terms of the Declaration is levied for the Regular Assessments in the amount set by the Board in its sole and absolute discretion, and the Board's determination will be final and binding so long as it is made in good faith. All Regular Assessments are due and payable to the POA at the beginning of the fiscal year or in such other manner as the Board may designate in its sole and absolute discretion.

By letter dated May 20, 2020 from the POA to your attention as the designated representative of FHC (the "**First Letter**"), you were provided with the allocated amount of the estimated Regular Assessments for the Property relative to the fiscal year commencing on June 1, 2020 through and including May 31, 2021, which amount is **$19,979.56**. Also included with the letter was a budget summary which provided further detail on the total amount of the estimated Regular Assessments for the ensuing fiscal year for The Gate project, and the calculation of the amount of the Regular Assessments applicable to the Property, which included a credit for an amount previously paid by FHC to the POA. The letter required payment of the stated amount to be received by the POA within thirty days.

Having not received from either you or your legal counsel, Mr. Randy Marx (*cc'd here*), any requests or other communications to discuss the status on payment of the amounts owed as reflected in the First Letter, or attempt to schedule a meeting or conference call to discuss any outstanding questions, the POA sent another letter (similar in content to this letter) dated September 16, 2020 to your attention (the "**Second Letter**") and copied your counsel (Mr. Marx) and FHC's lender representative (Mr. David L. Baty, *cc'd here*) making demand for payment of the delinquent Regular Assessments and all other amounts owed to the POA. At such time, a representative of the POA, Mr. Hatem Mojahed, had made *numerous* attempts to communicate with you and your Mr. Marx to discuss the status on payment of the amounts owed and otherwise attempt to schedule a meeting or conference call to discuss any outstanding questions. Since neither Mr. Mojahed or any other representative of the POA had received from either you or your legal counsel any requests or other communications to discuss the status on payment of the amounts owed as reflected in the First Letter and as described in the Second Letter, or attempt to schedule a meeting or conference call to discuss any outstanding questions, Mr. Mojahed (on behalf of the POA) sent another letter (similar in content to the Second Letter) dated October 14, 2020 to your attention (the "**Third Letter**") and copied (once again) Mr. Marx and Mr. Baty, making demand for payment of the delinquent Regular Assessments and all other amounts owed to the POA. Again, with no communication having been received from either you, Mr. Marx, or even Mr. Baty, to either pay in full, or make payments per an installment payment plan, or to discuss any other questions or issues, Mr. Mojahed (on behalf of the POA) sent another letter (similar in content to the Third Letter) dated January 15, 2021 to your attention (the "**Fourth Letter**", and, together with the First Letter, the Second Letter, and the Third Letter, the "**Letters**") and copied (once again) Mr. Marx and Mr. Baty, making demand for payment of the delinquent Regular Assessments and all other amounts owed to the POA.

As of the date of this letter (***almost 10 months later after the First Letter***), FHC has not paid the POA any amount of the Assessments for fiscal year 2020-2021 (or any other amounts owed to the POA), nor does there appear to be any attempt by either you, Mr. Marx, or Mr. Baty at any time over the past several months to communicate with either Mr. Mojahed or any other representative of the POA Board (or this law firm) regarding the payment of the delinquent Assessments and all other amounts owed to the POA, or attempt to schedule a meeting or conference call to discuss any outstanding questions. ***The actions (and failure to act) by FHC are totally unacceptable, reprehensible, and inexcusable, especially given the content and parties included as recipients of each of the Letters!***

Due to the pending and continuing default by FHC under the terms of the Declaration for its failure to pay its Regular Assessments for the Property as described above in the amount of **$19,979.56** (the "**Total Amount Due**"), final demand is hereby made by the POA for FHC to pay such amount ***within five (5) days after the date of this letter*** (the "**Payment Due Date**"), time being of the essence. You are hereby directed to contact Mr. Hatem Mojahed of the POA (phone: (972) 544-7475; email: hatem@igo.ae) to arrange for immediate payment of the Total Amount Due.

In addition to foregoing, you are hereby advised that if the Total Amount Due is not paid in full by 2:00 p.m. (Central time) on the Payment Due Date, then pursuant to Section 4.07 of the Declaration, the Board will levy Individual Assessments against FHC and the Property *in its sole (good faith) discretion* for, among other things, interest, late charges, and collection costs on all delinquent Assessments, including all which may have accrued since the issuance of each of the respective Letters. Per Section 4.01(b) of the Declaration, each Assessment and all interest thereon and the cost of collection thereof, is the personal obligation of FHC and all such Assessments and related interests and costs are secured by a lien granted to the POA against the Property and all Improvements thereon. Also, per Section XVII (Enforcement of Rules and Regulations) of the Rules (a copy of which FHC previously received, along with the other documents attached to the Community Manual), the Board of the POA will levy, assess, and collect reasonable fines and collection costs, as further described therein. Please note that the amount you owe will change as additional interest, late charges, fees, attorneys' fees and collection costs continue to accrue.

Nothing set forth herein is intended, nor shall it be deemed, to modify, limit, release, reduce, or waive any of POA's rights, remedies, and/or privileges under the Declaration, the NOA, the Rules, or at law or in equity, all of which are hereby specifically reserved. Furthermore, the enumeration of any specific default herein is not intended, nor shall it be deemed, to waive other defaults or violations that may currently exist under the Declaration, the NOA, and the Rules. This letter is not intended to be, and may not be construed as, an election of remedies by the POA, or as a waiver of any other additional default or breach under the Declaration, the NOA, or the Rules now or hereafter existing. All of POA's rights and remedies pursuant to the Declaration, the NOA, and the Rules are hereby expressly preserved.

This letter constitutes the notice contemplated by Texas Civil Practices and Remedies Code § 38.002. In addition, this letter constitutes notice of a claim against FHC. If FHC is not able to

pay the POA the Total Amount Due by 2:00 p.m. (Central time) on the Payment Due Date, FHC should immediately provide this letter to its lender and insurance carrier.

It is imperative that FHC deal with this situation now. Please immediately provide a copy of this letter to your attorney if the current attorney for FHC is not Mr. Marx. If you are not represented by an attorney, please contact me upon receipt of this letter.

Respectfully,

Jacob Sparks
Texas Bar No. 24066126
Arizona Bar No. 027905

**SPENCER FANE LLP**
5700 Granite Parkway, Suite 650
Plano, Texas 75024
Tel: (214) 750-3624
Fax: (214) 750-3612
Email: JSparks@SpencerFane.com

*Attorneys for The Gate Property Owners Association, Inc.*

cc: Mr. David L. Baty (*via overnight delivery*)
Texas Republic Bank, N.A.
2595 Preston Road, Suite 300
Frisco, Texas 75034

Mr. Randy P. Marx (*via overnight delivery*)
The Marx Firm, LLC
127 Howell Street
Dallas, Texas 75207

Dr. Anas A. Kozbari, for the POA (via *email*)
Mr. Hatem Mojahed, for the POA (via *email*)
Mr. John E. Bloomer, for the Firm (via *email*)

DA 2079895.3

9314 7699 0430 0080 0468 10

Mr. Tim Barton
FHC Acquisition, LLC
1755 Wittington Place, Suite 340
Dallas, TX 75234

Jacob Sparks
Spencer Fane
5700 Granite Parkway
Suite 650
Plano, TX 75024

Mr. Tim Barton
FHC Acquisition, LLC
1755 Wittington Place, Suite 340
Dallas, TX 75234

Jacob Sparks
Spencer Fane
5700 Granite Parkway
Suite 650
Plano, TX 75024

9314 7699 0430 0080 0468 10

Jacob Sparks
Spencer Fane
5700 Granite Parkway
Suite 650
Plano, TX 75024

**USPS TRACKING #**

**9590 9699 0430 0080 0468 12**

**9314 7699 0430 0080 0468 10**

RETURN RECEIPT REQUESTED

**9590 9699 0430 0080 0468 12**

Mr. Tim Barton
FHC Acquisition, LLC
1755 Wittington Place, Suite 340
Dallas, TX 75234

9314 7699 0430 0080 0468 10

ORIGIN ID:PNXA (972) 324-0318
JACOB SPARKS
SPENCER FANE LLP
5700 GRANITE PKWY
SUITE 650
PLANO, TX 75024
UNITED STATES US

SHIP DATE: 04MAR21
ACTWGT: 1.00 LB
CAD: 110425920/INET4340

BILL SENDER

TO **MR. TIM BARTON**
**FHC ACQUISITION, LLC**
**1755 WITTINGTON PLACE, SUITE 340**

**DALLAS TX 75234**
(972) 385-9934 REF: 5037270.0002
INV:
PO: DEPT:

56DJ3/AC39/FE4A

FedEx Express

E

J211121011901uv

**FRI - 05 MAR 10:30A**

TRK# 0201 **7730 7041 3230**

**PRIORITY OVERNIGHT**

**AD PNXA**

**75234**
TX-US **DFW**

**After printing this label**:
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning**: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

/

ORIGIN ID:PNXA (972) 324-0318
JACOB SPARKS
SPENCER FANE LLP
5700 GRANITE PKWY
SUITE 650
PLANO, TX 75024
UNITED STATES US

SHIP DATE: 04MAR21
ACTWGT: 1.00 LB
CAD: 110425920/INET4340

BILL SENDER

TO **MR. DAVID L. BATY**
**TEXAS REPUBLIC BANK, N.A.**
**2595 PRESTON ROAD, SUITE 300**

**FRISCO TX 75034**
(972) 324-0318 REF: 5037270.0002
INV:
PO: DEPT:

56DJ3/AC39/FE4A

FedEx Express

J211121011901uv

TRK# 0201 **7730 7046 5054**

**FRI - 05 MAR 10:30A**
**PRIORITY OVERNIGHT**

**AD ADSA**

**75034**
TX-US **DFW**

---

**After printing this label**:
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning**: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

/

ORIGIN ID:PNXA (972) 324-0318
JACOB SPARKS
SPENCER FANE LLP
5700 GRANITE PKWY
SUITE 650
PLANO, TX 75024
UNITED STATES US

SHIP DATE: 04MAR21
ACTWGT: 1.00 LB
CAD: 110425920/INET4340

BILL SENDER

TO **MR. RANDY P. MARX**
**THE MARX FIRM, LLC**
**127 HOWELL STREET**

**DALLAS TX 75207**
(972) 324-0318 REF: 5037270.0002
INV:
PO: DEPT:

56DJ3/AC39/FE4A

FedEx Express

J211121011901uv

TRK# 0201 **7730 7049 1452**

**FRI - 05 MAR 10:30A**
**PRIORITY OVERNIGHT**

**AD NKIA**

**75207**
TX-US **DFW**

---

**After printing this label**:
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning**: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.