# Exhibit “20”

Filed: 8/11/2021 3:35 PM
Lynne Finley
District Clerk
Collin County, Texas
By Keri Crow Deputy
Envelope ID: 56220012

**CAUSE NO.** 429-04389-2021

| | | |
|---|---|---|
| **THE GATE PROPERTY OWNERS ASSOCIATION, INC.,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| **vs.** | § | **COLLIN COUNTY, TEXAS** |
| **FHC ACQUISITION, LLC;** | § | |
| **Defendants.** | § | **_____ JUDICIAL DISTRICT** |

**PLAINTIFF THE GATE PROPERTY OWNERS ASSOCIATION, INC.'S ORIGINAL PETITION AGAINST FHC ACQUISITION, LLC**

**NOW COMES** The Gate Property Owners Association, Inc. (the "***POA***"), and files its Original Petition against FHC Acquisition, LLC ("***FHC***"). In support of this Petition, the POA states the following:

## I.
## DISCOVERY CONTROL PLAN

**1.** The POA intends that discovery be conducted under Level 1.[1]

## II.
## CLAIM FOR RELIEF

**2.** The POA seeks monetary relief of $250,000 or less and non-monetary relief.[2]

**3.** The amount of damages sought by the POA is within the jurisdictional limits of the Court.[3]

[1] Tex. R. Civ. P. 190.1; Tex. R. Civ. P. 190.1.

[2] Tex. R. Civ. P. 47(c)(2).

[3] Tex. R. Civ. P. 47(b).

## III.
## PARTIES

**4.** The POA is a Texas nonprofit corporation. Communications with the POA about this action must be directed to undersigned counsel.

**5.** FHC is a Texas limited liability company with the following registered agent who may be served with any process, notice, or demand required or permitted by law: **TRWF Lodge LLC, 13901 Midway Road, Suite 102 Dallas, Texas 75244**.[4]

## IV.
## JURISDICTION AND VENUE

**6.** This Court has personal jurisdiction over FHC Acquisition, LLC because it is doing business in Texas.

**7.** Venue is proper in Collin County, Texas, because this action involves an interest in real property located in Collin County, Texas.[5]

## V.
## BACKGROUND

**8.** The property described as Lot 13, Block A, The Gate, an addition to the City of Frisco, Collin County, Texas, according to the plat thereof recorded in Volume 2019, Page 275, Plat Records, Collin County, Texas (the "***Property***") acquired by FHC from IGO-USA LP by virtue of that certain Special Warranty Deed With Vendor's Lien dated January 31, 2020, recorded February 3, 2020 under Clerk's File No. 20200203000144930, Real Property Records, Collin County, Texas, is subject to, among other things: (**i**) all the terms and conditions set forth in that certain Amended and Restated Master Declaration of Covenants, Conditions and Restrictions for The Gate recorded under Clerk's File No. 20160923001280990, Real Property Records, Collin County,

[4] Tex. Bus. Org. Code § 5.201.

[5] Tex. Civ. Prac. & Rem. Code § 15.011.

Texas (the "***Declaration***") due to the recording of that certain Notice of Applicability dated January 31, 2020, recorded same date under Clerk's File No. 20200131000144690, Real Property Records, Collin County, Texas (the "***NOA***"); and (**ii**) the rules (the "***Rules***") for the POA, which are included as "Attachment 3" to The Gate Community Manual recorded October 3, 2016 under Clerk's File No. 20161003001325810, Real Property Records, Collin County, Texas (the "***Community Manual***," and together with the Declaration, the NOA, and the Rules, the "***POA Documents***"). Any term capitalized, but not defined herein, shall have the same meaning ascribed to such term as set forth in the Declaration.

**9.** Pursuant to the terms and conditions set forth in the Declaration, the Property is subject to, and FHC is responsible and liable for and otherwise obligated to timely pay to the POA, all Assessments applicable to the Property. The total amount of Assessments are determined by the Board in accordance with the terms of Article IV of the Declaration. In addition to the Special Common Area Assessment in the amount of $4,333.58 allocated to the Property per Section 4.05 of the Declaration and as reflected in Section 5 of the NOA, the Property is subject to Regular Assessments.

**10.** In accordance with Section 4.03 of the Declaration, once the Board of the POA approves of the final budget for the applicable fiscal year, each Lot made subject to the terms of the Declaration is levied for the Regular Assessments in the amount set by the Board in its sole and absolute discretion, and the Board's determination will be final and binding so long as it is made in good faith. All Regular Assessments are due and payable to the POA at the beginning of the fiscal year or in such other manner as the Board may designate in its sole and absolute discretion.

**11.** By letter dated May 20, 2020 from the POA to the designated representative of FHC (the "***First Letter***"), FHC was provided with the allocated amount of the estimated Regular

Assessments for the Property relative to the fiscal year commencing on June 1, 2020 through and including May 31, 2021, which amount is $19,979.56. Also included with the letter was a budget summary which provided further detail on the total amount of the estimated Regular Assessments for the ensuing fiscal year for The Gate project, and the calculation of the amount of the Regular Assessments applicable to the Property, which included a credit for an amount previously paid by FHC to the POA. The letter required payment of the stated amount to be received by the POA within thirty days.

**12.** Having not received from FHC any requests or other communications to discuss the status on payment of the amounts owed as reflected in the First Letter, or attempt to schedule a meeting, request a hearing, or conference call to discuss any outstanding questions, the POA sent another letter dated September 16, 2020 to FHC's attention (the "***Second Letter***") and copied FHC's legal counsel and its lender making demand for payment of the delinquent Regular Assessments. At such time, a representative of the POA had made numerous attempts to communicate with FHC and its attorney to discuss the status of payment of the amounts owed and otherwise attempt to schedule a meeting or conference call to discuss any outstanding questions.

**13.** Since the POA's representative never received from FHC or its legal counsel any requests or other communications to discuss the status of payment of the amounts owed as reflected in the First Letter and as described in the Second Letter (including making payments per a 3-month installment payment plan as offered by the POA), or attempt to schedule a meeting, request a hearing, or conference call to discuss any outstanding questions, the POA's representative sent another letter dated October 14, 2020 to FHC's attention (the "***Third Letter***") and copied FHC's legal counsel and its lender, making demand for payment of the delinquent Regular Assessments.

**14.** Again, with no communication having been received from either FHC or its legal counsel, to either pay in full, or make payments per an installment payment plan, or to discuss any other questions or issues, the POA's representative sent another letter dated January 15, 2021 to FHC (the "***Fourth Letter***") and copied FHC's legal counsel and its lender, making demand for payment of the delinquent Regular Assessments.

**15.** Again, with no communication having been received from either FHC or its legal counsel, to either pay in full, or make payments per an installment payment plan, or to discuss any other questions or issues, the undersigned representative of the law firm for the POA referenced below, prepared and sent (for and on behalf of the POA) a letter dated March 4, 2021 to FHC (the "***Fifth Letter***") and copied FHC's legal counsel and its lender, making a final demand for payment of the delinquent Regular Assessments for fiscal year commencing on June 1, 2020 through and including May 31, 2021, which such payment was to occur on or before a time and date certain as set forth in the Fifth Letter.

**16.** Again, with no communication having been received from either FHC or its legal counsel, to either pay in full, or make payments per an installment payment plan, or to discuss any other questions or issues, the POA's representative sent another letter dated June 6, 2021 to FHC (the "***Sixth Letter***", and, together with the First Letter, the Second Letter, the Third Letter, the Fourth Letter, and the Fifth Letter, the "***Letters***") notifying FHC of (i) the amount of the Regular Assessments due and owing the POA for fiscal year from June 1, 2021 through and including May 31, 2022, in the amount of $21,077.39, (ii) the amount of delinquent Regular Assessments for fiscal year commencing on June 1, 2020 through and including May 31, 2021, in the amount of $19,979.56, and (iii) the amount of outstanding legal fees and expenses incurred by the POA through May 31, 2021 due to the pending and continuing default by FHC under the terms of the

Declaration, in the amount of $6,042.32. The letter required payment of the total stated cumulative amounts to be received by the POA within five days.

**17.** As of the date of this Petition, FHC has not paid the POA (i) any amount of the Assessments for fiscal year 2020-2021, (ii) any amount of the Assessments for fiscal year 2021-2022, or (iii) any other amounts owed to the POA.

**18.** Pursuant to Section 4.07 of the Declaration, the Board has levied Individual Assessments against FHC and the Property in its sole (good faith) discretion for, among other things, interest, late charges, and collection costs on all delinquent Assessments, including all that may have accrued since the issuance of each of the respective Letters.

**19.** Per Section 4.01(b) and Section **Error! Reference source not found.** of the Declaration, each Assessment and all interest thereon and the cost of collection thereof, are the personal obligation of FHC and all such Assessments and related interests and costs are secured by a lien granted to the POA against the Property and all Improvements thereon.

**20.** Per Section XVII (Enforcement of Rules and Regulations) of the Rules (a copy of which FHC previously received, along with the other documents attached to the Community Manual), and as clearly set forth in the Fifth Letter, the POA advised FHC that if the Regular Assessments were not timely paid, the Board of the POA will (*emphasis added*) levy, assess, and collect reasonable fines and collection costs, as further described therein. As a result, the amount FHC owes will change during the pendency of this action as additional interest, late charges, fees, attorneys' fees and collection costs continue to accrue.

**21.** Due to the pending and continuing default by FHC under the terms of the Declaration for its failure to pay its Regular Assessments for the Property as described above, FHC is still indebted to Plaintiff for (i) the Regular Assessments for fiscal year 2020-2021 in the amount of $19,979.56,

(ii) the Regular Assessments for fiscal year 2021-2022 in the amount of $21,077.39, (iii) legal fees and expenses incurred by the POA of not less than $12,414.82, and (iv) all other amounts due and owing to the POA.

## VI.
## CAUSES OF ACTION

### Count 1 – Breach of Contract

**22.** The POA re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Petition.[6]

**23.** Valid contracts exist between the POA and FHC.

**24.** The POA substantially performed under the contracts.

**25.** FHC materially breached the contracts.

**26.** As a result of FHC's material breach, the POA has suffered damages in an amount not less than $53,471.77,[7] with interest, additional fees, attorneys' fees, costs of collection, and other expenses and costs continuing to accrue.

**27.** All conditions precedent have been performed or have occurred for the POA to recover from FHC for breach of contract.[8]

### Count 2 – Foreclosure

**28.** The POA re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Petition.[9]

---

[6] Tex. R. Civ. P. 58.

[7] Payoff as of June 30, 2021.

[8] Tex. R. Civ. P. 54.

[9] Tex. R. Civ. P. 58.

**29.** FHC is in default under the POA Documents.

**30.** The POA Documents grant the POA an assessment lien.

**31.** The POA requests an order for foreclosure of the assessment lien against the Property and improvements thereon.

**32.** All conditions precedent have been performed or have occurred for the POA to foreclose the assessment lien against the Property.[10]

**Count 3 – Declaratory Judgment**

**33.** The POA re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Petition.[11]

**34.** Under the Uniform Declaratory Judgments Act, the POA is entitled to obtain a declaration of rights, status, or other legal relations under the POA Documents.[12]

**35.** The POA asks this Court to declare as follows:

**i.** FHC is in default on its obligations under the POA Documents;

**ii.** the POA is the beneficiary of the POA Documents;

**iii.** the following are secured by the POA's assessment lien on the Property: (**i**) all unpaid Assessments; (**ii**) pre-judgment interest; (**iii**) post-judgment interest from the date of judgment until paid; (**iv**) costs of court; (**v**) attorney's fees; and (**vi**) costs of collection; and

**iv.** the POA is authorized to enforce the power of sale in the POA Documents through foreclosure of the assessment lien and sale of the Property.

**36.** All conditions precedent have been performed or have occurred for the POA to obtain a declaratory judgment.[13]

---

[10] Tex. R. Civ. P. 54.

[11] Tex. R. Civ. P. 58.

[12] Tex. Civ. Prac. & Rem. Code § 37.004.

[13] Tex. R. Civ. P. 54.

## VII.
## ATTORNEY'S FEES AND COSTS

**37.** The POA re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Petition.[14]

**38.** The POA seeks to recover its attorney's fees from FHC.

**39.** The POA is entitled to recover its attorney's fees under the POA Documents.

**40.** Furthermore, recovery of attorney's fees is authorized under the Civil Practices and Remedies Code[15] and the Uniform Declaratory Judgments Act.[16] Accordingly, the POA further sues for reasonable attorneys' fees, including fees for any appeal, insomuch as the POA has been required to employ the undersigned attorneys to file suit and have agreed to pay them reasonable attorneys' fees for their services.

**41.** Prior to filing this Petition, the POA sent a written demand to FHC.[17]

**42.** FHC has failed to pay the money owed to the POA.

**43.** The POA seeks recovery of attorney's fees under any other applicable law.

**44.** The POA seeks recovery of all costs incurred herein.

[14] Tex. R. Civ. P. 58.

[15] Tex. Civ. Prac. & Rem. Code §§ 38.001-38.006.

[16] Tex. Civ. Prac. & Rem. Code § 37.009.

[17] Tex. Civ. Prac. & Rem. Code § 38.002.

## VIII.
## PRAYER FOR RELIEF

**WHEREFORE**, the POA prays for relief as follows:

**A.** A judgment in the POA's favor and against FHC for all damages in an amount to be proven at trial, plus pre- and post-judgment interest, to be finally calculated at the time judgment is entered;

**B.** A judgment declaring the following:

- **i.** FHC is in default on its obligations under the POA Documents;
- **ii.** the POA is the beneficiary of the POA Documents;
- **iii.** the following are secured by the POA's assessment lien on the Property: (**i**) all unpaid Assessments; (**ii**) pre-judgment interest; (**iii**) post-judgment interest from the date of judgment until paid; (**iv**) costs of court; (**v**) attorney's fees; and (**vi**) costs of collection; and
- **iv.** the POA is authorized to enforce the power of sale in the POA Documents through foreclosure of the assessment lien and sale of the Property.

**C.** A judgment awarding the POA its reasonable attorney's fees and costs incurred in bringing this action; and

**D.** A judgment granting other and further relief, in law or equity, as this Court may deem appropriate.

Respectfully submitted,

By: /s/ Jacob Sparks
Jacob Sparks
Texas Bar No. 24066126

**SPENCER FANE LLP**
5700 Granite Parkway, Suite 650
Plano, Texas 75024
Tel: (214) 750-3624
Fax: (214) 750-3612
Email: JSparks@SpencerFane.com

***Attorneys for The Gate Property Owners Association, Inc.***