# Exhibit "28"

Loan #49799

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

**Loan Modification Agreement**
*(Second Modification)*

This **Loan Modification Agreement** (*Second Modification*) (the "Modification"), is dated to be effective as of July 30, 2021, and is executed by and between **FHC Acquisition, LLC**, a Texas limited liability company (hereinafter referred to as the "Borrower"); and **Timothy Barton** (the "Guarantor"); and **Texas Republic Bank, N.A.** (hereinafter referred to as the "Lender").

**Recitals:**

**A.** Borrower and Lender have entered into that certain Loan Agreement dated January 30, 2020, (the "Loan Agreement") pertaining to that certain loan from Lender to Borrower in the principal amount of $2,965,783.00 (the "Loan").

**B.** The Loan is evidenced by that certain Promissory Note (the "Note"), dated January 30, 2020, in the original principal sum of $2,965,783.00, signed by Borrower and payable to the order of Lender.

**C.** The Note is guaranteed by the unlimited unconditional guaranty of the Guarantor evidenced by that certain Guaranty (the "Guaranty") of even date therewith executed by the Guarantor.

**D.** The Note is secured by, among other things, a Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing executed by Borrower, to David L. Baty, Trustee for the benefit of Lender, filed under **Document Number20200203000144950** of the Collin County Real Property Records (the "Deed of Trust") and covering the real property situated in the City of Frisco, Collin County, Texas, and being more particularly described as **Lot 13, Block A, The Gate, an addition to the City of Frisco, Collin County, Texas, according to the plat thereof recorded in Volume 2019, Page 275, Plat Records, Collin County, Texas** (the "Property").

**E.** The Note is further secured by an Assignment of Contract Rights and Proceeds executed by Borrower for the benefit of Lender and consented to by the City of Frisco, Texas, a municipal corporation of the State of Texas and a home rule municipality, Frisco Economic Development Corporation, a Texas non-profit corporation organized and existing under Chapter 501 of the Texas Local Government Code, known as the Development Corporation Act, and Frisco Community Development Corporation, a Texas non-profit corporation organized and existing under Chapter 501 of the Texas Local Government Code, known as the Development Corporation Act (collectively, the "Public Entities")., and covering the performance agreements described therein (the "Assignment of Contracts").

**F.** The Loan was renewed, extended, and modified pursuant to that certain Loan Modification Agreement (*First Modification*) dated January 30, 2021, executed by Borrower, Guarantor, and Lender, and recorded under **Documentt Number 20210406000684310** of the Collin County Real Property Records (the "First Modification").

**G.** The Loan Agreement, Note, Guaranty, Deed of Trust, Assignment of Contracts, First Modification, and all other documents, assignments and instruments evidencing, securing or pertaining to the indebtedness evidenced by the Note, or executed in connection with the Loan are hereinafter collectively referred to in this Modification as the "Loan Documents."

**H.** Borrower and Guarantor have requested Lender to (i) extend the maturity date of the Note from July 30, 2021 to January 30, 2022; and (ii) modify the payment terms of the Note as more particularly set forth herein to cover the extended term of the Note (collectively, the "Renewal Request").

**I.** As an accommodation to Borrower and Guarantor, Lender has agreed to the Renewal Request, provided, however, that, among other things (i) Borrower pays Lender a renewal fee in the amount of $14,829.00, (ii) Borrower deposits an additional $261,283.00 into the Reserve Account (as that term is defined in the Loan Agreement), (iii) Borrower causes the Public Entities to execute and deliver to Lender an acknowledgment agreement in form and substance satisfactory to Lender wherein the Public Entities acknowledge that the Contracts (as that term is defined in the Assignment of Contracts) are in full force and effect; and (iv) Borrower and Guarantor enter into this Modification to reflect the understandings of the parties in connection with such Renewal Request.

**NOW, THEREFORE**, in consideration of the premises herein contained and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by each of the parties hereto, Borrower, Guarantor, and Lender agree as follows:

**Article 1.**
**<u>Amendments</u>**

**1.1. <u>Modification of Payment Terms.</u>** The payment terms of the Note shall be amended to (i) extend the maturity date of the Note from July 30, 2021 to January 30, 2022; and (ii) modify the payment terms of the Loan as more particularly set forth herein to cover the extended term. Accordingly, the applicable provision concerning repayment of principal and interest as set forth in the Note is hereby modified to read as follows:

> "1. **<u>Payments of Interest and Principal</u>**. The outstanding principal balance hereof and accrued but unpaid interest shall be due and payable as follows:
>
> A. Accrued but unpaid interest only shall be due and payable in monthly installments, commencing <u>August 30, 2021</u>, with like installments of accrued but unpaid interest only due and payable on the 30th day of each successive month thereafter, through and including <u>December 30, 2021</u>; and
>
> B. The entire outstanding principal balance of this Promissory Note, together with all accrued but unpaid interest shall be due and payable on <u>January 30, 2022</u>. All payments shall be applied first to accrued but unpaid interest and then to principal."

**1.2. <u>Renewal Fees.</u>** Borrower acknowledges and agrees that, in connection with this Modification, Borrower shall pay to Lender upon execution of this Modification a renewal fee in the amount of $14,829.00.

**1.3. <u>Reserve Account.</u>** Simultaneous with the execution of this Modification, Borrower shall deposit its own funds in cash in the amount of $261,283.00 into the Reserve Account (as that term is defined in the Loan Agreement). Borrower and Guarantor agree that all funds on deposit in the Reserve Account (as that term is defined in the Loan Agreement) are subject to the terms and provisions of Section 2.12 of the Loan Agreement and shall be used to service the interest accrual on the Note and ad valorem taxes assessed against the Property, as more particularly set forth in Section 2.12 of the Loan Agreement.

**1.4. <u>Continuation of Pre-Maturity Interest Rate.</u>** The rate at which interest accrues on the outstanding principal balance of the Note prior to maturity shall continue to accrue at the fixed rate of seven and one-half percent (7.5%) per annum, based on a 360 day year and the actual number of days elapsed, as set forth in the Note. All matured past due amounts owing under the Note shall bear interest at the "Maximum Rate" as that term is defined in the Note.

**1.5 <u>Acknowledgment Agreement</u>** Simultaneous with the execution of this Modification, Borrower shall cause the Public Entities to execute and deliver to Lender an acknowledgment agreement in form and substance satisfactory to Lender wherein the Public Entities acknowledge and agree, among other things, that the Contracts (as that term is defined in the Assignment of Contracts) are in full force and effect.

## Article 2.
## <u>Ratifications, Representations, Warranties and Covenants</u>

**2.1. <u>Ratifications</u>.** Except as expressly modified and superseded by this Modification, all other terms and provisions of the Loan Agreement, Note, Guaranty, Deed of Trust, Assignment of Contracts, First Modification, and the other Loan Documents are ratified and confirmed and shall continue in full force and effect and unchanged. Borrower, Guarantor, and Lender agree that the Loan Agreement, Note, Guaranty, Deed of Trust, Assignment of Contracts, First Modification, and the other Loan Documents shall continue to be legal, valid, binding and enforceable in accordance with their terms. Without limiting the generality of the foregoing sentence, Borrower and Guarantor hereby acknowledge and agree that (i) any and all rights, titles, interests and liens securing the repayment of the Loan are hereby reaffirmed, renewed and extended, including, without limitation, the rights, titles, interests and liens created in the Deed of Trust, and (ii) the Guaranty executed by the Guarantor guaranteeing the payment of the Loan shall remain in full force and effect and shall continue to guarantee the payment of the Note as modified hereby.

**2.2. <u>Representations and Warranties</u>.** Borrower and Guarantor hereby represent and warrant to Lender that (i) the execution, delivery and performance of this Modification and the Loan Documents have been authorized by all requisite action on the part of Borrower and Guarantor, (ii) the representations and warranties contained in the Loan Documents are true and correct on and as of the date hereof as though made on and as of the date hereof, (iii) no Event of Default as defined in any of the Loan Documents has occurred and is continuing and no event or condition has occurred that with the giving of notice or lapse of time or both would be an Event of Default as defined in any of the Loan Documents, and (iv) Borrower and Guarantor are in full compliance with all covenants and agreements contained in the Loan Documents.

**2.3. <u>Federal Small Business Certification</u>.** Borrower and Guarantor represent, warrant and certify to Lender, that none of the principals of Borrower or Guarantor or their affiliates have been convicted of, or pleaded *nolo contender* to, any offense covered by 42 U.S.C. §16911(7). For purposes of this subsection, the term "principal" means: (a) with respect to a sole proprietorship, the proprietor; (b) with respect to a partnership, each managing partner and each partner who is a natural person and holds a twenty percent (20.00%) or more ownership interest in the partnership; and (c) with respect to a corporation, limited

liability company, association or development company, each director, each of the five most highly compensated executives or officers of the entity, and each natural person who is a direct or indirect holder of twenty percent (20.00%) or more of the ownership stock or stock equivalent of the entity.

**Article 3.**
**Miscellaneous**

**3.1. Survival of Representations and Warranties.** All representations and warranties made in this Modification or any Loan Document, including any Loan Document furnished in connection with this Modification, shall survive the execution and delivery of this Modification and the other Loan Documents, and no investigation by Lender or any closing shall affect the representations and warranties or the right of Lender to rely upon them.

**3.2. Expenses of Lender.** Borrower agrees to: (i) pay to Lender all fees and expenses, including attorney's fees, which Lender has incurred or will incur in connection with the consummation of the matters as set forth herein; (ii) pay to Lender all interest and other fees which have accrued under the Note up to and including the effective date hereof, if any; and (iii) upon request from Lender, execute and deliver such other instruments and documents as may be requested by the Lender to evidence the modification herein embodied, and to carry forward or perfect the liens and interests securing the Note. Lender is authorized to make advances under the Note to pay for these costs and fees.

**3.3. Severability.** Any provision of this Modification held by a court of competent jurisdiction to be invalid or unenforceable shall not impair or invalidate the remainder of this Modification and the effect thereof shall be confined to the provision so held to be invalid or unenforceable.

**3.4. Applicable Law.** This Modification and all other Loan Documents executed pursuant hereto shall be deemed to have been made and to be performable in **City of Frisco, Collin County, Texas,** and shall be governed by and construed in accordance with the laws of the State of Texas.

**3.5. Successors and Assigns.** This Modification is binding upon and shall inure to the benefit of Lender, Borrower and Guarantor and their respective successors and assigns, except Borrower and Guarantor may not assign or transfer any of their rights or obligations hereunder without the prior written consent of Lender.

**3.6. Counterparts.** This Modification may be executed in one or more counterparts, each of which when so executed shall be deemed to be an original, but all of which when taken together shall constitute one and the same instrument.

**3.7. Effect of Waiver.** No consent or waiver, express or implied, by Lender to or for any breach of or deviation from any covenant, condition or duty by Borrower or Guarantor shall be deemed a waiver to or for any other breach of the same or any other covenant, condition or duty. Lender expressly reserves all rights and remedies provided for under the Loan Documents.

**3.8. Headings.** The headings, captions and arrangements used in this Modification are for convenience only and shall not affect the interpretation of this Modification.

**3.9. Release of Lender.** As a material inducement for Lender to enter into this Modification, Borrower and Guarantor and their respective successors and assigns forever jointly and severally release,

acquit and discharge Lender and its shareholders, officers, directors, affiliates, attorneys, agents and representatives (collectively "Lender et al") of and from any and all liabilities, claims, actions, demands, and/or causes of action of whatsoever nature, whether known or unknown, whether asserted or unasserted as of the date hereof, and whether arising under or pursuant to common or statutory laws, rules or regulations (including state and/or federal law), which Borrower or Guarantor may now or hereafter have against Lender et al on account of any matter relating in any way to the Loan. Borrower and Guarantor have no offsets or defenses to the payment of the indebtedness evidenced by the Note and the other Loan Documents, or to the enforceability of the Loan Documents by Lender against Borrower and Guarantor.

**3.10. Balloon Feature. Upon demand or at maturity, Borrower must repay the entire principal balance of the loan and unpaid interest then due. Lender is under no obligation to refinance the loan at that time. Borrower will, therefore, be required to make payment out of other assets that Borrower may own or Borrower will have to find a lender, which may be Lender, willing to lend Borrower the money. If Borrower refinances this loan at maturity, Borrower will have to pay some or all of the closing costs normally associated with a new loan even if Borrower obtains refinancing from Lender.**

**3.11. ENTIRE AGREEMENT. THIS MODIFICATION, THE LOAN DOCUMENTS AND ALL OTHER INSTRUMENTS, DOCUMENTS AND AGREEMENTS EXECUTED AND DELIVERED IN CONNECTION WITH THIS MODIFICATION EMBODY THE FINAL, ENTIRE AGREEMENT AMONG THE PARTIES HERETO AND SUPERSEDE ANY AND ALL PRIOR COMMITMENTS, AGREEMENTS, REPRESENTATIONS AND UNDERSTANDINGS, WHETHER WRITTEN OR ORAL, RELATING TO THIS MODIFICATION, AND MAY NOT BE CONTRADICTED OR VARIED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OR DISCUSSIONS OF THE PARTIES HERETO. THERE ARE NO ORAL AGREEMENTS AMONG THE PARTIES HERETO.**

[Remainder of page intentionally blank. Signature pages follow.]

Loan #49799

Executed as of the date first above written.

**Borrower**:
FHC Acquisition, LLC, a Texas limited liability company
By: Dallas Real Estate Lenders, LLC, a Delaware limited liability company, its Managing Member
By: Dallas Real Estate Investors, LLC, a Delaware limited liability company, its Manager

X By:______________________________
Timothy Barton, President

**Guarantor**:

X ______________________________
Timothy Barton

**Lender**:
Texas Republic Bank, N.A.

By:______________________________
(Signature)

______________________________
(Printed Name and Title)

THE STATE OF TEXAS §
§
COUNTY OF ___________ §

Before me ____________________ (Notary printed name) on this day personally appeared Timothy Barton, individually and as Manager of Dallas Real Estate Investors, LLC, a Delaware limited liability company, as Manager of Dallas Real Estate Lenders, LLC, a Delaware limited liability company, as Managing Member of FHC Acquisition, LLC, a Texas limited liability company, known to me or proved to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed and in the capacities stated.

Given under my hand and seal of office this _____ day of ________________, 2021.

______________________________
Notary Public, State of Texas

Loan #49799

THE STATE OF TEXAS §
§
COUNTY OF COLLIN §

Before me ______________________ (Notary printed name) on this day personally appeared _________________, _________________ of Texas Republic Bank, N.A., known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he or she executed the same for the purposes and consideration therein expressed and in the capacity stated.

Given under my hand and seal of office this ______ day of _________________, 2021.

______________________________
Notary Public, State of Texas

**After Recording Return to:**
Texas Republic Bank, N.A.
Attention: David Baty
2595 Preston Road
Frisco, Texas 75034

Loan #49799

**No Oral Agreements Agreement**

This No Oral Agreements Agreement is made as of July 30, 2021, pursuant to the provisions of Section 26.02 of the Texas Business and Commerce Code (the "Statute"), and is incorporated into and shall be deemed to amend and supplement the Loan Modification Agreement (*Second Modification*) and all other documents of even date herewith and previously executed by and between the undersigned in connection with the loan transaction described therein, and which constitute "loan agreements" under the Statute (collectively, the "Loan Agreement").

In addition to all other covenants and agreements made in the Loan Agreement, the undersigned covenant and agree as follows:

1. The rights and obligations of the undersigned shall be determined solely from the written Loan Agreement, and any prior oral agreements between the undersigned are superseded by and merged into the Loan Agreement.

2. The Loan Agreement may not be varied by any oral agreements or discussions that occur before or contemporaneously with the execution of the Loan Agreement.

3. THE WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.

THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

**Borrower**:
FHC Acquisition, LLC, a Texas limited liability company
By: Dallas Real Estate Lenders, LLC, a Delaware limited liability company, its Managing Member
By: Dallas Real Estate Investors, LLC, a Delaware limited liability company, its Manager

X By:_______________________________
Timothy Barton, President

**Guarantor:**

X _______________________________
Timothy Barton

Loan #49799

**Lender:**
Texas Republic Bank, N.A.

By:______________________________
(Signature)

______________________________
(Printed Name and Title)

Loan #49799

**Acknowledgment Agreement**

This Acknowledgment Agreement ("Agreement") is dated to be effective as of July 30, 2021 and is executed by and between **FHC Acquisition, LLC**, a Texas limited liability company (hereinafter referred to as the "Borrower"), **Texas Republic Bank, N.A.** (hereinafter referred to as the "Lender"), **City of Frisco, Texas**, a municipal corporation of the State of Texas and a home rule municipality (hereinafter referred to as the "City"), **Frisco Economic Development Corporation**, a Texas non-profit corporation organized and existing under Chapter 501 of the Texas Local Government Code, known as the Development Corporation Act (hereinafter referred to as the "FEDC"), and **Frisco Community Development Corporation**, a Texas non-profit corporation organized and existing under Chapter 501 of the Texas Local Government Code, known as the Development Corporation Act (hereinafter referred to as the "FCDC").

Recitals

**A.** On or about January 30, 2020, Lender extended Borrower that certain loan from Lender to Borrower in the principal amount of $2,965,783.00 (the "Loan").

**B.** The Loan is secured by, among other things, that certain Assignment of Contract Rights and Proceeds (the "Assignment of Contracts") executed by Borrower for the benefit of Lender and consented to by the City, FEDC, and FCDC (collectively, the "Public Entities"), and covering the Contracts (as that term is defined in the Assignment of Contracts).

**C.** The Loan was modified, renewed, and extended pursuant to that certain Loan Modification Agreement (*First Modification*) dated January 30, 2021, executed by Borrower, Timothy Barton ("Guarantor"), and Lender, and recorded under Instrument Number 20210406000684310 of the Real Property Records of Collin County, Texas.

**D.** Borrower and Guarantor have further requested Lender to renew, extend, and modify the Loan pursuant to the terms of that certain Loan Modification Agreement (*Second Modification*) dated July 30, 2021 and executed by Borrower, Guarantor, and Lender (the "Modification"). Lender has agreed, as an accommodation to Borrower and Guarantor, to further renew, extend, and modify the Loan upon the terms set forth in the Modification, provided, that, the Public Entities acknowledge and agree that the Assignment of Contracts and the Contracts (as that term is defined in the Assignment of Contracts are still in full force and effect and unmodified.

**NOW, THEREFORE,** in consideration of the premises herein contained and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by each of the parties hereto, Borrower, Lender, and the Public Entities agree as follows:

1. Ratification. Borrower and the Public Entities acknowledge and agree that the Assignment of Contracts and the Contracts (as that term is defined in the Assignment of Contracts) are in full force and effect and unchanged. Accordingly, Borrower and the Public Entities further agree that the Assignment of Contracts is ratified and confirmed and shall continue in full force and effect and unchanged.

2. Severability. Any provision of this Agreement held by a court of competent jurisdiction to be invalid or unenforceable shall not impair or invalidate the remainder of this Agreement and the effect thereof shall be confined to the provision so held to be invalid or unenforceable.

3. Applicable Law. This Agreement and the Assignment of Contracts shall be deemed to have been made and to be performable in City of Frisco, Collin County, Texas, and shall be governed by and construed in accordance with the laws of the State of Texas.

4.

5. Counterparts. This Agreement may be executed in one or more counterparts, each of which when so executed shall be deemed to be an original, but all of which when taken together shall constitute one and the same instrument.

6. Headings. The headings, captions and arrangements used in this Agreement are for convenience only and shall not affect the interpretation of this Agreement.

Executed as of the date first above written.

*[End of Text; Signature Pages to Follow.]*

**Borrower:**
FHC Acquisition, LLC, a Texas limited liability company
By: Dallas Real Estate Lenders, LLC, a Delaware limited liability company, its Managing Member

By: Dallas Real Estate Investors, LLC, a Delaware limited liability company, its Manager

X By:______________________________
Timothy Barton, President

**Lender:**
Texas Republic Bank, N.A.

By:______________________________
(Signature)

________________________________
(Printed Name and Title)

**Public Entities:**
City of Frisco, Texas, a Texas home rule municipality

By: ______________________________
George Purefoy, City Manager

Frisco Economic Development Corporation, a Texas non-profit corporation organized and existing under Chapter 501 of the Texas Local Government Code, known as the Development Corporation Act

By:______________________________
Ron K. Patterson, President

Frisco Community Development Corporation, a Texas non-profit corporation organized and existing under Chapter 501 of the Texas Local Government Code, known as the Development Corporation Act

By:______________________________
(Signature)

_________________________________
(Printed Name and Title)