# Exhibit "32"

Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No. 24066090
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEBTOR

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **DALLAS REAL ESTATE** | § | **CASE NO. 21-41488-elm** |
| **INVESTORS, LLC,** | § | **CHAPTER 11** |
| | § | |
| **Debtor.** | § | |

**DEBTOR'S RESPONSE IN OPPOSITION TO PALISADES TC, LLC'S MOTION TO ENFORCE AGREED ORDER ON EMERGENCY MOTION FOR ORDER FINDING STAY DOES NOT APPLY OR, ALTERNATIVELY, FOR RELIEF FROM THE AUTOMATIC STAY TO FILE MEMORANDUM OF AGREEMENT IN REAL PROPERTY RECORDS AND FOR SANCTIONS**

COMES NOW Dallas Real Estate Investors, LLC, ("DREI" or "Debtor"), Debtor in the above titled and numbered bankruptcy proceedings, and files this its *Response in Opposition to Palisades TC, LLC's Motion to Enforce Agreed Order on Emergency Motion for Order Finding Stay Does Not Apply or, Alternatively, for Relief from the Automatic Stay to File Memorandum of Agreement in Real Property Records and for Sanctions* (Dkt. Nos. 49, 54 and 55) or the "Enforcement Motion"), and would show the Court as follows:

1. Debtor admits the allegations in Paragraph 1 of the Motion concerning the Court's jurisdiction in the instant matter pursuant to 28 U.S.C. §§ 1334 and 157, and that said matter constitutes a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2).

2. Debtor admits the allegation in Paragraph 2 of the Enforcement Motion concerning the date of filing of the Emergency Motion [Dkt. No. 25]. Debtor denies the allegation concerning the "major impetus" for filing the referenced Motion for Relief from Stay, namely that the Debtor failed to provide Palisades with information or documentation on the status of its own investment in real property located in Frisco, Texas. In fact, Debtor has made no move to renew or extend the secured loan on the Frisco Property without Palisades approval as required under the Dallas Real Estate Lenders, LLC ("DREL") Operating Agreement. Debtor fully intended and still intends to honor said Operating Agreement. It also intends to fulfill its responsibilities to both creditors and equity investors to prevent a loan default while it simultaneously continues to develop the Property. Such actions are intended to be taken for the benefit of all interested stakeholders, i.e creditors, equity investor Palisades, and Debtor. Debtor admits the allegations concerning the amount of Palisades' and Debtor's equity investments, the organizational relationships between and among Debtor, DREL, and FHC Acquisition, LLC. Debtor admits the allegations concerning its managerial role over the Frisco Property and states that the respective Company Agreements speak for themselves. It further asserts that if it commits to carrying out certain actions, such information will be provided to Palisades as required. Until that time, provision of the information or documentation in question is precipitous. The Debtor hereby incorporates its responses to the Motion to Convert in response to footnote 1 of the Enforcement Motion.

3. Debtor admits the allegation in Paragraph 3 of the Enforcement Motion concerning the Court's entry of the referenced Agreed Order (i.e. Dkt No. 42) and the contents thereof. Debtor admits the allegation regarding the particular content of paragraph 6 of the aforementioned Order.

4. Debtor admits the allegation in Paragraph 4 of the Enforcement Motion concerning the date of filing of its bankruptcy petition. Debtor admits the allegation concerning the $4.75

million amount owed to Palisades in accordance with the Settlement Agreement. Debtor admits the allegation that the Debtor's Schedule G indicates that Debtor intends to assume the Settlement Agreement with Palisades. Debtor admits the allegation concerning assets listed in its schedules but denies that it has no business operations (or access to other funds that would permit it to cure any default under the Settlement Agreement. In fact, Debtor has sought and received a commitment from an outside investor which would permit Debtor to cure its outstanding obligation to Palisades.

5. Debtor admits the allegation in Paragraph 5 of the Enforcement Motion concerning the content of Timothy Barton's ("Barton") testimony concerning Debtor's negotiations with the aforementioned investor, the execution of a letter of intent and term sheet, and the development of contract to finalize the lending agreement. Debtor admits the allegation concerning the requirement in the Agreed Order to provide the listed documents. Debtor notes that it will do so once it has all such documents in hand, which will include the final, albeit unexecuted contract, for approval by Palisades and Debtor.

6. Debtor denies the allegation in Paragraph 6 concerning the Enforcement Motion to the extent that Debtor intends to provide Palisades with a complete package of documentation related to the proposed recapitalization of the Debtor and or the Frisco Property project which shall include the as-yet undeveloped draft contract. This is important to ensure that the terms reflected in any term sheet and/or letter of intent are replicated in any contract to be approved by both principal parties relating to the Frisco Property project (i.e., Palisades and Debtor). Debtor denies the allegation that Debtor has violated the Agreed Order since it has not yet received all documentation concerning the recapitalization loan (i.e., the draft contract requiring approval of both Palisades and Debtor). Imposition of sanctions for not producing documents it does not yet

possess would be both precipitous and unjust. For this reason, any award of attorneys' fees would be inappropriate.

WHEREFORE, PREMISES CONSIDERED, the Debtor opposes the Enforcement Motion and requests the Court to enter an Order (i) denying the Motion; (2) denying the request for Debtor to provide incomplete documentation of relating to the proposed recapitalization investment relating to the Frisco Property project; (3) denying the award of Palisades' attorney's fees incurred in preparation of the Enforcement Motion; and (iv) granting Debtor such other relief to which it may show itself justly entitled.

Dated: September 14, 2021.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No. 24066090
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Email: joyce@joycelindauer.com
ATTORNEYS FOR DEBTOR

Case 21-41488-elm11 Doc 66 Filed 09/26/21 Entered 09/26/21 14:54:19 Desc

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 14, 2021, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the parties receiving electronic notice in this case listed below.

Joyce W. Lindauer \
joyce@joycelindauer.com,
dian@joycelindauer.com;deann@joycelindauer.com;12113@notices.nextchapterbk.com

Steven C. Metzger
smetzger@pmklaw.com

Jeff P. Prostok
jprostok@forsheyprostok.com,
jjones@forsheyprostok.com;tlevario@forsheyprostok.com;calendar@forsheyprostok.com;calendar_0573@ecf.courtdrive.com;jprostok@ecf.courtdrive.com

Linda D. Reece
lreece@pbfcm.com

Suzanne K. Rosen
srosen@forsheyprostok.com,
jjones@forsheyprostok.com;calendar@forsheyprostok.com;srosen@ecf.courtdrive.com;calendar_0573@ecf.courtdrive.com

Jacob Sparks
JSparks@SpencerFane.com, MResa@SpencerFane.com

Laurie A. Spindler
Laurie.Spindler@lgbs.com, Dora.Casiano-Perez@lgbs.com;dallas.bankruptcy@lgbs.com

United States Trustee
ustpregion06.da.ecf@usdoj.gov

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer