Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No. 24066090
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEBTOR

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **DALLAS REAL ESTATE** | § | |
| **INVESTORS, LLC,** | § | **CASE NO. 21-41488-elm** |
| | § | **CHAPTER 11** |
| **Debtor.** | § | |

# MOTION TO ASSUME SETTLEMENT AGREEMENT WITH PALISADES TC, LLC

**TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:**

COMES NOW Dallas Real Estate Investors, LLC ("Debtor"), the Debtor in the above-styled and numbered case, and file this its Motion to Assume Settlement Agreement with Palisades TC, LLC, and in support of same would respectfully show the Court as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(M). Venue of the Chapter 11 case and the Motion in this district is proper pursuant to 28 U.S.C. § 1409.

2. Debtor brings this Motion under Section 365 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules" or "FRBP").

## BACKGROUND FACTS

3. On June 22, 2021, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor is now operating its business as debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner and no official committee has been appointed.

4. On or about January 11, 2021, Debtor entered into a Settlement Agreement with Palisades TC, LLC ("Palisades") to settle all outstanding issues between the parties. A true and correct copy of the Settlement Agreement is attached hereto as Exhibit "A."

5. Debtor desires to assume the Settlement Agreement with Palisades and to pay the required cure amount of $4,000,000.00 upon approval of this Motion. The cure payment shall be credited against the total Settlement Payment of $4,950,000.00.

## RELIEF REQUESTED AND AUTHORITIES IN SUPPORT

6. The Debtor requests that this Court permit it to assume the Settlement Agreement under Bankruptcy Code § 365 as an exercise of its business judgment given the Debtor's stated intention to continue operating for the foreseeable future.

7. Bankruptcy Code § 365(a) provides that a trustee or a debtor-in-possession may, subject to the bankruptcy court's approval, assume or reject any executory contract or unexpired lease. 11 U.S.C. § 365(a) (2015). A debtor-in-possession or a trustee must assume the entire contract, including both its benefits and its burdens, or else reject the entire contract. *The Cajun Elec. Members Comm. v. Mabey (In re Cajun Elec. Power Coop., Inc.),* 230 B.R. 693, 710 (Bankr. M.D. La. 1999). A debtor's decision to assume or reject an unexpired lease or executory contract is reviewed under the business judgment standard. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984); *Group of Inst'l Investors v. Chicago, Milwaukee, St. Paul, & Pacific R.R. Co.*,

318 U.S. 523, 550 (1943); *Official Comm. of Unsecured Creditors of Mirant Corp. v. Potomac Elec. Power Co. (In re Mirant Corp.)*, 378 F.3d 511, 524 n.5 (5th Cir. 2004); *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985); *In re Patriot Place, Ltd.*, 486 B.R. 773, 795 (Bankr. W.D. Tex. 2013).

8. If a trustee or debtor-in-possession decides, in an exercise of its business judgment, to assume an unexpired lease or executory contract, then it must 1) "cure[] or provide[] adequate assurance that the trustee will promptly cure" any default under the contract, 2) compensate the counterparty (or provide adequate assurance of prompt compensation) for any "actual pecuniary loss" resulting from the debtor's default, <u>and</u> 3) provide "adequate assurance of future performance" under the contract. 11 U.S.C. § 365(b)(1); *see also Century Indem. Co. v. National Gypsum Co. Settlement Trust (In re Nat'l Gypsum Co.),* 208 F.3d 498, 506 (5th Cir. 2000). In other words, a trustee or debtor-in-possession must make the other party to the executory contract or unexpired lease whole by curing all defaults in past performance and by providing assurance that it can continue to perform following the assumption. *Lifemark Hosp., Inc. v. Liljeberg Enters., Inc. (In re Liljeberg Enters., Inc.)*, 304 F.3d 410, 438-39 (5th Cir. 2002).

9. In this case, the Debtor has determined, in an exercise of its business judgment, to assume the Settlement Agreement, including all the Settlement Agreement's benefits and burdens. The Debtor depends on its business and the income it generates for its continued success. Indeed, the Debtor expects the operation of its business to figure prominently in the Debtor's reorganization plans under Chapter 11.

10. Moreover, the Debtor may pay the cure amount set forth in the Settlement Agreement upon Court approval of this Motion.

11. For these reasons, the Debtor requests that this Court approve its business decision to assume the Settlement Agreement under Bankruptcy Code § 365 and enter an order in this Bankruptcy Case permitting the Debtor to assume the Settlement Agreement in its entirety.

## RESERVATION OF RIGHTS

12. Debtor reserves the right to further amend, modify or supplement this Motion at any time and/or to request further relief on any ground. Debtor reserves all rights, remedies, and defenses in this Bankruptcy Case or otherwise.

WHEREFORE, PREMISES CONSIDERED, Debtor requests that the Court grant this Motion as an appropriate exercise of the Debtor's business judgment, permit the Debtor to assume the Settlement Agreement with Palisades TC, LLC in its entirety under Bankruptcy Code § 365, and grant the Debtor all other relief to which it may be entitled at law or in equity.

Dated: November 5, 2021.

Respectfully Submitted,

/s/ Joyce W. Lindauer
Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No. 24066090
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEBTOR

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 5, 2021, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the parties receiving electronic notice in this case listed below.

Leslie Renee Chaggaris on behalf of Counter-Defendant Palisades TC, LLC
leslie.chaggaris@rm-firm.com, tammy.schenkelberg@rm-firm.com,deedee.carr@rm-firm.com

Leslie Renee Chaggaris on behalf of Plaintiff Palisades TC, LLC
leslie.chaggaris@rm-firm.com, tammy.schenkelberg@rm-firm.com,deedee.carr@rm-firm.com

Robert F. Kemp on behalf of Defendant Timothy Barton
lawyerkemp@cs.com, charleshanna@lawyerkemp.com

Joyce W. Lindauer on behalf of Debtor Dallas Real Estate Investors, LLC
joyce@joycelindauer.com,
dian@joycelindauer.com;deann@joycelindauer.com;12113@notices.nextchapterbk.com

Steven C. Metzger on behalf of Counter-Claimant Five Star MM, LLC
smetzger@pmklaw.com

Steven C. Metzger on behalf of Defendant Five Star MM, LLC
smetzger@pmklaw.com

Steven C. Metzger on behalf of Interested Party Tim Barton
smetzger@pmklaw.com

Jeff P. Prostok on behalf of Creditor Palisades TC, LLC
jprostok@forsheyprostok.com,
jjones@forsheyprostok.com;tlevario@forsheyprostok.com;calendar@forsheyprostok.com;calendar_0573@ecf.courtdrive.com;jprostok@ecf.courtdrive.com

Linda D. Reece on behalf of Creditor Frisco ISD
lreece@pbfcm.com

Joel Wilson Reese on behalf of Counter-Defendant Palisades TC, LLC
joel.reese@rm-firm.com, tammy.schenkelberg@rm-firm.com,deedee.carr@rm-firm.com

Joel Wilson Reese on behalf of Plaintiff Palisades TC, LLC
joel.reese@rm-firm.com, tammy.schenkelberg@rm-firm.com,deedee.carr@rm-firm.com

Suzanne K. Rosen on behalf of Creditor Palisades TC, LLC
srosen@forsheyprostok.com,
jjones@forsheyprostok.com;calendar@forsheyprostok.com;srosen@ecf.courtdrive.com;calendar_0573@ecf.courtdrive.com

Jacob Sparks on behalf of Creditor The Gate Property Owners Association, Inc.
JSparks@SpencerFane.com, MResa@SpencerFane.com

Laurie A. Spindler on behalf of Creditor City of Frisco
Laurie.Spindler@lgbs.com, Dora.Casiano-Perez@lgbs.com;dallas.bankruptcy@lgbs.com

Laurie A. Spindler on behalf of Creditor Dallas County
Laurie.Spindler@lgbs.com, Dora.Casiano-Perez@lgbs.com;dallas.bankruptcy@lgbs.com

United States Trustee
ustpregion06.da.ecf@usdoj.gov

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer

# AGREEMENT

This Agreement ("Agreement") is entered into by (a) Palisades TC, LLC ("Palisades"); and (b) Timothy Barton ("Barton"), Dallas Real Estate Investors, LLC ("DREI"), Five Star MM, LLC ("Five Star MM"), 2999 TC JMJ MGR, LLC ("JMJ MGR"), Five Star GM, LLC ("Five Star GM") (collectively the "JMJ Entities"), joined, for purposes of Paragraph 2.4 below, by Joaquin Charles de Monet ("de Monet") and JMJ Development LLC ("JMJ Dev"). Palisades and the JMJ Entities are collectively referred to as the "Parties."

## 1. RECITALS

1.1. WHEREAS Palisades, through its investment in Five Star GM, advanced $4,000,000 towards the acquisition of approximately 2.47 acres located at 2999 Turtle Creek, Dallas, Texas ("the Turtle Creek Property") under the collective terms of (i) the *Amended and Restated Company Agreement of Five Star MM, LLC* dated September 16, 2019 ("MM Agreement") and (ii) the *Company Agreement of Five Star GM, LLC* dated September 16, 2019 ("GM Agreement") (collectively, "Five Star Agreements").

1.2. WHEREAS Palisades and DREI are the members of Dallas Real Estate Lenders, LLC ("DREL");

1.3. WHEREAS the sole business and purpose of DREL is its ownership interests and related rights in FHC Acquisition, LLC ("FHC"), which acquired the approximate 4.5385 acres of real property in Frisco, Texas located at Lot 13, Block A, The Gate, an addition to the City of Frisco, Collin County, Texas, according to Volume 2019, Page 275, Plat Records, Collin County, Texas ("the Frisco Property").

1.4. WHEREAS Palisades, through DREL, advanced $3,500,000.00 towards the acquisition of the Frisco Property (collectively, "Palisades Equity Investment") under the terms of the *Company Agreement of Dallas Real Estate Lenders, LLC* dated January 29, 2021 ("Frisco Agreement").

1.5. WHEREAS on April 22, 2021, Palisades filed a lawsuit under the style *Palisades TC, LLC, Individually, and on behalf of Five Star GM, LLC v. Five Star MM, LLC and Timothy Barton, Individually*, No. DC-20-05960, in the 193th District Court of Dallas County, Texas, with respect to the Turtle Creek Property (the "Five Star Lawsuit").

1.6. WHEREAS on April 23, 2021, Palisades filed a lawsuit under the style *Palisades TC, LLC, Individually, and on behalf of Dallas Real Estate Lenders, LLC v. Dallas Real Estate Investors, LLC and Timothy Barton, Individually* No. DC-20-06005, in the 298th District Court of Dallas County, Texas, with respect to the Frisco Property (the "DREI Lawsuit");

1.7. WHEREAS Barton and the JMJ Entities deny the material allegations against them in the DREI Lawsuit and the Five Star Lawsuit;

1.8. WHEREAS Palisades denies any material allegations against it in the DREI Lawsuit and the Five Star Lawsuit;

1.9. WHEREAS the Palisades and the JMJ Entities wish to avoid the uncertainties of litigation and to resolve the DREI Lawsuit and the Five Star Lawsuit;

NOW, THEREFORE, in consideration of the Parties' mutual promises in this Agreement and other good and valuable consideration, the receipt and sufficiency of which the Parties acknowledge, the Parties agree as follows:



**EXHIBIT "A"**

## 2. AGREEMENT

2.1. **Good Faith Payment.** On or before January 15, 2021, the JMJ Entities shall pay Palisades $50,000 ("Good Faith Payment") by payment as instructed in paragraph 2.3 below.

2.2. **Sanctions and Disqualification.** The JMJ Entities shall withdraw with prejudice to refiling all motions to disqualify Reese Marketos, LLP (including Joel W. Reese) as counsel for Palisades and hereby agree not to file any further motions to disqualify Palisades' existing legal counsel (or similar type motions) in either the Five Star Lawsuit or the DREI Lawsuit. The JMJ Entities (including Timothy Barton) will also withdraw with prejudice to refiling all complaints filed with the State Bar of Texas arising from or related to the Five Star Lawsuit and/or the DREI Lawsuit. Palisades will withdraw with prejudice to the refiling its motions for sanctions related to the prior affidavits submitted by Timothy Barton regarding alleged communications with Reese Marketos LLP. Upon receipt of the Good Faith Payment and the withdrawal of the motions and complaints referenced in this section, all disputes between the Parties regarding disqualification (including Palisades' request for sanctions) are hereby settled and resolved.

2.3. **Settlement Payment and Settlement Payment Deadline.** The JMJ Entities shall pay Palisades $4,950,000 (the "Settlement Payment") on or before February 15, 2021 (the "Settlement Payment Deadline"). The JMJ Entities may extend the Settlement Payment Deadline (a) until March 1, 2021 by paying an additional $50,000 on or before February 15, 2021 ("February Payment"); (b) until April 15, 2021 by timely paying the February Payment and paying an additional payment of $50,000 on or before March 15, 2021 ("March Payment"); (c) until May 15, 2021 by timely paying the February Payment and the March Payment and paying an additional payment of $50,000 on or before April 15, 2021 ("April Payment"); and (d) until June 15, 2021, by timely paying the February Payment and the March Payment and the April Payment and paying an additional $50,000 on or before May 15, 2021 (the "May Payment"). The February Payment, the March Payment, the April Payment, and the May Payment are the "Extension Payments." Each timely paid Extension Payment will reduce the Settlement Payment by the amount of the Extension Payment. All payments under this Agreement shall be made by wire transfer to the following account or such other account as may be designated by Palisades:

**ABA Routing 111025466**
**Account 50017820**

| | |
|---|---|
| **Business Name:** | **Bank: Pegasus Bank Dallas** |
| Reese Marketos LLP IOLTA | 4515 W. Mockingbird Lane |
| 750 N. St. Paul St. #600 | Dallas, TX 75209 |
| Dallas, TX 75201-3201 | 214.353.3000 |

2.4. **Mutual Releases Conditioned Upon Timely Payment of the Settlement Payment.**

(a.) **Definitions.**

1. "Claims" means any and all rights, obligations, disputes, claims, actions, causes of action, debts, damages, demands, judgments, offsets, payments, costs, attorney's fees, proceedings, costs, complaints, controversies, losses, arguments, promises, undertakings, reimbursement claims, contribution claims, recoupment rights, interests, third-party claims, indemnity claims, remedies, suits, accounts, defenses, affirmative defenses, powers, privileges, licenses, franchises, counterclaims and crossclaims, acts omitted or committed of every nature, obligations of every kind and nature, rights,

liabilities, charges, or expenses, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, contingent or non-contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, asserted or unasserted, direct or indirect, assertable directly or derivatively, choate or inchoate, reduced to judgment or otherwise, secured or unsecured, that directly or indirectly relate to or concern the Five Star Agreements, Frisco Agreement, Frisco Related Agreements, Frisco Property, the DREI Lawsuit, the Turtle Creek Property, and/or the Five Star Lawsuit, in tort, law, equity, or otherwise pursuant to any theory of law. Claims is intended to be all inclusive of any claims arising from or related to any business, contractual, or legal relationship between any of the Parties, **but does not include claims for breach of this Agreement**.

2. "Palisades Releasors" means de Monet and Palisades, on behalf of itself and each of any affiliated, related, and associated persons, entities (including, but not limited to, DREL, FHC, Five Star GM, LLC, Five Star MM, LLC), subsidiaries, and entities managed, controlled, under common control by or with any of the foregoing, including entities in which any of the foregoing possesses any kind of interest in, and each of their respective current and former successors, assigns, administrators, executors, investors, officers, directors, members, shareholders, partners, managers, trustees, agents, representatives, employees, former employees and other person or entity related thereto or claiming by or through them. "Palisades Releasees" has the same meaning as the "Palisades Releasors."

3. "JMJ Releasors" means JMJ Dev and all of the JMJ Entities, on their own behalf and on behalf of any affiliated, related, and associated persons, entities (including, but not limited to, DREL, FHC, Five Star GM, LLC, Five Star MM, LLC), trusts, subsidiaries, and entities managed, controlled, under common control by or with any of the foregoing, including entities in which any of the foregoing possesses any kind of interest in, and each of their respective current and former successors, assigns, administrators, executors, officers, directors, members, shareholders, partners, managers, trustees, agents, representatives, employees, former employees and other person or entity claiming by or through them. "JMJ Releasees" has the same meaning as the "JMJ Releasors."

4. "Barton Releasors" means Timothy Barton and any person, trust, or entity acting on his behalf or under his direction or control. "Barton Releasees" has the same meaning as the "Barton Releasors."

(b.) **Palisades Release and Covenant Not to Sue.** Effective, and expressly conditioned upon, the timely receipt by Palisades of the Settlement Payment on or prior to the Settlement Payment Deadline, the Palisades Releasors (i) release, acquit, hold harmless and forever discharge the JMJ Releasees and Barton Releasees from all Claims; and (ii) covenant not to sue JMJ Releasees and/or Barton Releasees for any Claims.

(c.) **DREI Release and Covenant Not to Sue.** Effective, and expressly conditioned upon, the timely payment of the Settlement Payment to Palisades on or prior to the Settlement Payment Deadline, the JMJ Releasors (i) release, acquit, hold harmless and forever

discharge the Palisades Releasees and de Monet from all Claims and (ii) covenant not to sue any of the Palisades Releasees and/or Joaquin de Monet for any Claims.

(d.) **Barton Release and Covenant Not to Sue.** Effective, and expressly conditioned upon, the timely payment of the Settlement Payment to Palisades on or prior the Settlement Payment Deadline, the Barton Releasors (i) release, acquit, hold harmless and forever discharge the Palisades Releasees and de Monet from all Claims and (ii) covenant not to sue any of the Palisades Releasees and Joaquin de Monet for any Claims.

(e.) **Abatement and Possible Dismissal:** Within three days after execution of this Agreement and Palisades' receipt of the Good Faith Payment, the Parties agree to jointly request that the trial courts continue all deadlines and trial settings in the Five Star Lawsuit and the DREI Lawsuit by at least 120 days. Provided that the trial courts agree to continue the deadlines and trial settings by at least 90 days, then the Parties agree to abate all proceedings in the Five Star Lawsuit and DREI Lawsuit for as long as the Settlement Payment Deadline has not expired or terminated (but in no event beyond May 1, 2021). If the Settlement Payment is timely paid to Palisades by the Settlement Payment Deadline (as extended), then the parties will jointly dismiss with prejudice all claims in the Five Star Lawsuit and the DREI Lawsuit within 10 business days after Palisades' receipt of the Settlement Payment.

(f.) **SETTLEMENT PAYMENT DEFAULT:** If the Settlement Payment is not timely paid by the Settlement Payment Deadline (a "Settlement Payment Default"), then (a) the releases and covenants not to sue in this Agreement shall be void and not effective; (b) agreements in section 2.1 and 2.2 shall remain in effect and valid; (c) the Parties have the unconditional right to pursue the claims asserted in the Five Star Lawsuit and the DREI Lawsuit and nothing in this Agreement shall be used as a claim or defense; except that (d) any amounts paid by the JMJ Entities under this Agreement (including the Good Faith Payment and any Extension Payments and any payments under Section 2.4(g)) shall be credited against amounts that may be owed, upon final judgment, by the Defendants first in the Five Star Lawsuit and second to the DREI Lawsuit.

(g.) **SUBSTANTIAL PAYMENT:** If the Frisco Property is sold prior to the Settlement Payment Deadline, then all net proceeds (after payment of any loan secured by the Frisco Property and customary closing costs, including customary brokerage fees) up to a maximum of $4,950,000 shall be paid to Palisades. If Palisades receives at least $4,000,000 of the Settlement Payment on or prior to the Settlement Payment Deadline, then a Settlement Payment Default will not occur as long as the JMJ

Entities pay the remaining balance in equal monthly installments over an 18-month period, starting with the first payment on the 30th day after payment of the $4,000,000 and continuing thereafter on the 1st day of every month for 18 months. For example, if the sale of the Frisco Property produced net proceeds of only $4,000,000 and the balance was $4,950,000, then the JMJ Entities could pay the remaining $950,000 in 18 equal monthly installments of $52,777.77. In addition, to compensate Palisades for the delay in receipt of the full Settlement Payment, the JMJ Entities will pay one additional monthly payment in the same required amount as the prior monthly payments (the "19th Installment") within 35 days after payment of the 18th monthly installment payment. Failure to pay any monthly payment (including the 19th Installment) within 5 days after the due date shall constitute a Settlement Payment Default, requiring the parties to be governed exclusively by Section 2.4(f).

(h.) Upon receipt by Palisades of the Settlement Payment or an acceptable equivalent under subpart (g) above, Palisades will either (i) transfer all interest to the JMJ Entities of DREL and Five Star GM and Five Star MM or (ii) withdraw for no additional payments from DREL, Five Star MM and/or Five Star GM.

(i) In the event the Frisco Property is sold to an independent third party and Palisades receives the Settlement Payment or an acceptable equivalent under subpart (g) above, the Entities involved in the Frisco Property (DREL and FHC) shall terminate, with costs to be borne by each separate entity.

**3. ADDITIONAL TERMS**

3.1. **Acknowledgement.** Nothing in this Agreement is intended to be an admission of guilt or liability by any Party, but rather this is a compromise and settlement of disputed claims for which all liability is denied by all Parties.

3.2. **Right to Cure.** Notwithstanding any conflict herein, any of the JMJ Entities shall have the right to cure any default of this Agreement for five (5) Business Days after receipt of written notice, a copy of which may be sent by email to tbarton@jmjdevelopment.net, with a copy to smetzger@pmklaw.com.

3.3. **Non-Reliance and Waiver of Fraudulent Inducement.** In accordance with *Schlumberger Technology Corp. v. Swanson*, 959 S.W.2d 171 (Tex. 1997), *Forest Oil Corp. v. McAllen*, 268 S.W.3d 51 (Tex. 2008), *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co.*, 341 S.W.3d 323 (Tex. 2011), and *Int'l Business Machines Corp. v. Lufkin Industries, LLC*, 573 S.W.3d 224 (Tex. 2019), the Parties expressly disclaim and waive any claim or allegation of fraudulent inducement with respect to this Agreement. The Parties disclaim that they or he are relying on any statement or representation that is not expressly set out in this Agreement and waives any claim of fraud or fraudulent misrepresentation relating to or concerning this Agreement. Except for the representations that are expressly included in this Agreement, the Parties

disclaim any reliance on any representation, statement, or omission made by any person, including but not limited to any other Party or any agent, attorney, or representative of any other Party, relating in any way to the negotiations, subject matter, basis, reasonableness, or effect of this Agreement. To avoid any possible doubt, the Parties expressly warrant, represent, agree, and acknowledge the following:

(a.) None of the Parties is relying on any statement or representation, whether oral, written, or otherwise, other than the representations, agreements, and warranties set forth in this Agreement.

(b.) The terms of this Agreement were negotiated, rather than boilerplate, and the Parties specifically discussed issues covered by the Agreement, including the releases in it.

(c.) The Parties are knowledgeable in business matters.

(d.) No promise or agreement that is not contained in writing in this Agreement has been made to the Parties in connection with executing this Agreement and the releases contained in this Agreement.

(e.) The Parties are relying solely on their own judgment and advice of their respective counsel when deciding whether to enter into this Agreement. Each have been represented by legal counsel who have read and explained to the Party the entire contents of this Agreement, and the legal consequences of entering into this Agreement.

(f.) The Parties enter into this Agreement freely and without duress and does so after full opportunity to consult with the legal counsel and other professionals of their choice.

(g.) The Parties' willingness to enter into this Agreement was and is based on arm's-length negotiations.

3.4. **Governing Law and Attorneys' Fees.** This Agreement shall be governed by and construed under the laws of the State of Texas. The prevailing Party in any lawsuit or other legal proceeding in which a Party seeks to interpret or enforce this Agreement will have the right to recover their reasonable attorneys' fees from each non-prevailing Party.

3.5. **Successors and Assigns; No Third-Party Beneficiaries; Amendment.** This Agreement may not be assigned or transferred. This Agreement is for the sole benefit of the Parties, and it shall not inure to the benefit of any other person or party whomsoever or whatsoever, it being the intention of the Parties that no non-Party shall be deemed a third-party beneficiary of this Agreement. This Agreement may not be amended, waived, or modified except in a writing that is signed by all Parties.

3.6. **Notices.** Any notice, statement, claim or other communication required or permitted hereunder shall be in writing and deemed delivered when received by the intended recipient by (i) electronic transmission, (ii) hand delivery, (iii) United States mail, postage prepaid and properly addressed or (iv) courier service at the following addresses:

**If to Palisades:**

Joaquin Charles de Monet
Operating Manager
Palisades Capital Realty Advisors
jdemonet@palisadescapitalrealty.com
1919 McKinney Avenue | Suite 100
Dallas, TX 75201

**If to JMJ Entities:**

Timothy Barton
President and Chief Executive Officer
JMJ Development LLC
tbarton@jmjdevelopment.net
1755 Wittington Place | Suite 340
Dallas, Texas

3.08 **Integration Clause; Counterparts**. This Agreement, including any exhibits attached hereto and fully incorporated by reference into this Settlement Agreement, states the Parties' entire agreement with respect to the matters discussed herein, and it supersedes all prior or contemporaneous oral or written understandings, settlement agreements, statements, or promises. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original for all purposes.

**AGREED AND ACCEPTED, EFFECTIVE AS OF JANUARY 11, 2021:**

**PALISADES TC, LLC**

By:______________________________
Name: Joaquin Charles de Monet
Title: Operating Manager

**DALLAS REAL ESTATE INVESTORS, LLC**

By:______________________________
Name: Timothy Barton
Title: President

**2999 TC JMJ MGR, LLC**

By:______________________________
Name: Timothy Barton
Title: President

**FIVE STAR MM, LLC**

By:______________________________
Name: Timothy Barton
Title: President

**FIVE STAR GM, LLC**

By:______________________________
Name: Timothy Barton
Title: President

**JMJ DEVELOPMENT LLC**

By:______________________________
Timothy Barton, President

Barton (individually) and de Monet (individually) are Parties to this Agreement solely for purposes of the conditional potential releases in Section 2.4 above and make no other agreements or representations.

______________________________
Joaquin Charles de Monet, individually

______________________________
Timothy Barton, individually

<u>**If to Palisades:**</u>

Joaquin Charles de Monet
Operating Manager
Palisades Capital Realty Advisors
jdemonet@palisadescapitalrealty.com
1919 McKinney Avenue | Suite 100
Dallas, TX 75201

<u>**If to JMJ Entities:**</u>

Timothy Barton
President and Chief Executive Officer
JMJ Development LLC
tbarton@jmjdevelopment.net
1755 Wittington Place | Suite 340
Dallas, Texas

3.08 **Integration Clause; Counterparts.** This Agreement, including any exhibits attached hereto and fully incorporated by reference into this Settlement Agreement, states the Parties' entire agreement with respect to the matters discussed herein, and it supersedes all prior or contemporaneous oral or written understandings, settlement agreements, statements, or promises. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original for all purposes.

**AGREED AND ACCEPTED, EFFECTIVE AS OF JANUARY 11, 2021:**

**PALISADES TC, LLC**

By: ______________________
Name: Joaquin Charles de Monet
Title: Operating Manager

**DALLAS REAL ESTATE INVESTORS, LLC**

By: ______________________
Name: Timothy Barton
Title: President

**2999 TC JMJ MGR, LLC**

By: ______________________
Name: Timothy Barton
Title: President

**FIVE STAR MM, LLC**

By: ______________________
Name: Timothy Barton
Title: President

**FIVE STAR GM, LLC**

By: ______________________
Name: Timothy Barton
Title: President

**JMJ DEVELOPMENT LLC**

By: ______________________
Timothy Barton, President

Barton (individually) and de Monet (individually) are Parties to this Agreement solely for purposes of the conditional potential releases in Section 2.4 above and make no other agreements or representations.

______________________
Joaquin Charles de Monet, individually

______________________
Timothy Barton, Individually