CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 6, 2021**

**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 11** |
| | § | |
| **DALLAS REAL ESTATE INVESTORS, LLC,** | § | **Case No. 21-41488-elm11** |
| | § | |
| | § | |
| **Debtor.** | § | |

**STIPULATION AND AGREED ORDER**

**I. Stipulation**

Dallas Real Estate Investors, LLC (the "Debtor") and Palisades TC, LLC ("Palisades"), each a "Party" and collectively the "Parties," hereby enter into the following *Stipulation* (the "Stipulation"):

1. The Debtor's chapter 11 bankruptcy case was filed on June 22, 2021.

2. On August 24, 2021, Palisades filed a *Motion to Convert Bankruptcy Case to Chapter 7 or Dismiss for Cause under Section 1112(b) of the Bankruptcy Code* (the "Motion to Convert") [Docket Nos. 47 and 52], and on August 25, 2021, Palisades filed a Supplement to its Motion to Convert [Docket Nos. 48 and 53]. The Debtor filed a response to the Motion to Convert on September 14, 2021 [Docket No. 58].

3. On September 27, 2021, the Court entered an *Agreed Order on Palisades TC, LLC's Motion to Convert Bankruptcy Case to Chapter 7 or Dismiss for Cause under Section 1112(b) of the Bankruptcy Code* (the "Agreed Order on Motion to Convert") [Docket No. 68].

4. The Agreed Order on Motion to Convert required the Debtor to assume the Settlement Agreement (as defined in the Motion to Convert) and pay all outstanding cure amounts owed to Palisades under the Settlement Agreement on or before November 26, 2021.

5. The Debtor did not assume the Settlement Agreement or pay all outstanding cure amounts by November 26, 2021

6. Under the Agreed Order on Motion to Convert, Palisades has the present right to file a notice of default and upload the order previously agreed to between the parties converting the case to chapter 7, at which time the case would be automatically converted to chapter 7.

7. In light of the foregoing, and in order to give the parties additional time to see if a consensual resolution may be reached, the Parties hereby agree as follows:

(i) From the date of this Stipulation through January 31, 2022, Palisades shall be entitled to independently talk to and obtain documents and information from the master developer for the Frisco Property (as defined in the Motion to Convert), any land use attorneys that have performed services relating to the Frisco Property, the Frisco planning commission, and any other like individuals or entities with information relating to the use and development of the Frisco Property. During this period, the Debtor will also promptly provide information to Palisades relating to the Frisco Property in response to Palisades' requests for information relating to the Frisco Property;

(ii) The Frisco Property shall only be listed for sale pursuant to an agreement as to the terms of a potential sale between the Debtor and Palisades. In the event an agreement on the terms of a potential sale can be reached, the Frisco Property shall only be listed with a national commercial real estate broker acceptable to both Parties;

(iii) Provided the access and information referenced in paragraphs 7(i) and 7(ii) is actually provided by the Debtor and any affiliates of the Debtor to Palisades, then Palisades will not exercise its right to convert the case to chapter 7 before February 1, 2022; and,

(iv) The Debtor will promptly move the deadline to file objections to its current disclosure statement [Docket No. 63] and the hearing on the disclosure statement to a date that is after February 15, 2022.

8. During the time the Stipulation is in place, the Parties agree to continue to engage in good faith settlement negotiations to see if a consensual resolution may be possible. However, the Parties reserve all rights in the event an agreement cannot be reached.

## II. Agreed Order

The Court, having considered the above Stipulation, and finding that the Stipulation is lawful and appropriate, and that no further notice to any other person or party is required, and incorporating the definitions in the Stipulation, it is hereby:

ORDERED that the Stipulation is APPROVED in all respects and shall govern according to its terms; and it is further

ORDERED that this Court shall retain jurisdiction to the maximum extent possible to interpret and to enforce the Stipulation and this Agreed Order.

# # # END OF ORDER # # #

**AGREED AS TO FORM AND SUBSTANCE:**

/s/ Suzanne K. Rosen
Jeff P. Prostok
State Bar No. 16352500
Suzanne K. Rosen
State Bar No. 00798518
**FORSHEY & PROSTOK, LLP**
777 Main Street, Suite 1550
Fort Worth, TX 76102
jprostok@forsheyprostok.com
srosen@forsheyprostok.com

ATTORNEYS FOR PALISADES TC, LLC

**-AND-**

/s/ Joyce W. Lindauer
Joyce W. Lindauer
State Bar No. 21555700
**JOYCE W. LINDAUER ATTORNEY, PLLC**
1412 Main Street, Suite 500
Dallas, TX 75202
joyce@joycelindauer.com

ATTORNEYS FOR THE DEBTOR