BROWN FOX

C. Alan Carrillo
214.396.9234
alan@brownfoxlaw.com

November 20, 2025

**Via E-File**

Bryan Dozier, Deputy Clerk
United States Bankruptcy Court
Northern District of Texas
1100 Commerce St #1254
Dallas, TX 75242

RE: No. 21-41488-elm11, *In Re: Dallas Real Estate Investors, LLC*, Status Update

Dear Mr. Dozier:

In accordance with the Court's request for a Status Update [Dkt 138], Cort Thomas, the Court-appointed Receiver pursuant to the Receivership Order (defined below), provides the following update regarding the Debtor, Dallas Real Estate Investors, LLC.

The Debtor was placed in Receivership on October 18, 2022, pursuant to an order entered in *Securities and Exchange Commission v. Timothy Barton, et al.*, 3-22-CV-2118-X, in the U.S. District Court for the Northern District of Texas by Judge Brantley Starr ("Initial Receivership Order"). Following an appeal from Timothy Barton and the Fifth Circuit's vacatur of the Initial Receivership Order, Judge Starr conducted an extensive hearing, and on November 29, 2023, entered a new Order Appointing Receiver ("Receivership Order").[1] Judge Starr also entered a Preliminary Injunction ("Injunction Order"), on the same day, listing Dallas Real Estate Investors, LLC as one of the enjoined entities. A copy of the Injunction Order is attached as **Exhibit B**.

The Receivership Order includes a stay (the "Stay") of:

> All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in his capacity as Receiver; (b) any Receivership Property, wherever located; (c) any of the Receivership Entities, including subsidiaries and partnerships; or, (d) any of the Receivership

[1] In response to a grievance filed with the State Bar of Texas intended to harass the Receiver and his counsel, Judge Starr amended the Receivership Order to require Barton to seek leave from the Court prior to filing any further grievances. A copy of this order is attached as **Exhibit A**. Barton's appeal to the Fifth Circuit of this order (Case No. 25-10871) is pending, and Barton has yet to file his appellant brief.

> Entities' past or present officers, directors, managers, agents, parent or affiliated entities, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

*Receivership Order,* ¶ 34.

After the Court entered the Receivership Order and the Injunction Order, Barton almost immediately filed another appeal challenging the Receivership Order. On April 17, 2025, the Fifth Circuit issued a published opinion affirming the Receivership Order. Barton then filed a motion for rehearing, which the Fifth Circuit denied on June 16, 2025. On October 14, 2025, Barton filed a petition for a writ of certiorari to the Supreme Court of the United States. Barton's repeated appeals of the Receivership Order continue to delay the Receiver's attempts to carry out his duties.

Based on the Debtor's inclusion in the Initial Receivership Order, the Receiver filed a Notice of Stay in this case on October 21, 2022 [Dkt. 127]. While the Debtor is omitted from the current Receivership Order, its inclusion in the Injunction Order, its close nexus to several Receivership Entities, and Barton's involvement as the Debtor's past officer, director, or manager, extends the Stay's prohibition against litigation to the Debtor.

Accordingly, as required by the Stay, this case should remain pending.

Sincerely,



C. Alan Carrillo
*Attorney for Court-Appointed*
*Receiver Cort Thomas*